UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————x

In re:

SEAN M. MURRAY

                         Debtor(s)

———————————————————————x

SEAN M. MURRAY, Debtor Pro Se

                         Plaintiff,

               -against-

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A
MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES

                        Defendants

———————————————————————x

Case No. 17-44157

Chapter:  7

Adv. Pro. No. _____

Jury Trial Demanded

RECEIVED 2018 DEC 21 P 1:10 CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

## **DEBTOR'S COMPLAINT & CONSOLIDATED MOTION FOR RELIEF**

SEAN M. MURRAY, Debtor Pro Se and Plaintiff herein, as and for his complaint against

Defendants, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and Specialized Loan

Servicing, LLC ("SLS") as Servicing Agent(s) for Federal Home Loan Mortgage Corporation

(the "Defendants"), as well as John Doe(s), Jane Doe(s), John Doe Corporations and Other John

Doe Entities (collectively the "Unnamed Defendants"), being fictitious names and unknown to

the Plaintiff, the party intended being the party, if any, in interest to the HSBC MORTGAGE

CORPORATION (USA), N.A. ("HSBC") Mortgage (as defined below), and pursuant to Judge

Stong's ORDER at docket no. 102 directing Debtor to file a single motion (the "Consolidated

Motion") requesting all remaining relief sought against Nationstar Mortgage LLC ("Nationstar")

by December 7, 2018, alleges and says:

## NATURE OF THE PROCEEDING

1.      The Plaintiff brings this action pursuant to New York Real Property Actions and

Proceedings Law ("RPAPL") Article 15 to secure a declaratory judgment avoiding, canceling

and discharging the note and mortgage of record referred to below, and attacking the nature

extent and validity of such lien which affects the real property described below, and preserving

them for the benefit of the Debtor's estate.

2.      Debtor requests and moves this honorable court to find NATIONSTAR MORTGAGE

LLC D/B/A MR. COOPER, RAS BORISKIN, LLC, ROBERTSON, ANSCHUTZ & SCHNEID,

P.L., and Attorneys: Miriam Joy Rosenblatt, Esq.; Barbara Whipple, Esq.; Michael Adam

Samuels, Esq.; Can Guner, Esq.; and Cleo Sharaf-Green, Esq., in contempt of court and impose

sanctions, fees, punitive damages, treble damages and costs for lack of good faith participation in

the instant case, false and misleading statements, willful failure and refusal to provide sufficient

and proper service of process and violations of the FDCPA, FCRA, Discharge Injunction,

Automatic Stay, Bankruptcy Rule 9011(b)(1), Loss Mitigation Order(s) at docket no. 34 on

February 23, 2018 and docket no. 55 on April 10, 2018.

3.      This action is brought by the Plaintiff in his capacity as the Debtor in Possession.

## JURISDICTION AND VENUE

4.      Since this action arises under the pending chapter 7 bankruptcy case 17-44157-ess of the

Debtor SEAN M. MURRAY, the United States Bankruptcy Court, Eastern District of New York

(the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009,

7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      The statutory predicates for the claims asserted herein are §§ 105, 502, 506, 544, and 551

of Title 11 of the United States Code (the "Bankruptcy Code"), New York Civil Practice Law and

Rule § 213 ("CPLR § 213), RPAPL § 1501, 28 U.S.C. § 2201, and Bankruptcy Rules 6009,

7001, 9011(b)(1) and EDNY local rule 9013-1(g).

6.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(B), (b)(2)

(C), (b)(2)(K) and (b)(2)(O).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8.      In accordance with Bankruptcy Rule 7008, the Plaintiff consents to the entry of final

orders and judgment by this Court.

## **BACKGROUND**

9.      On August 10, 2017 (the "Filing Date"), the Debtor filed a voluntary petition for relief

pursuant to Chapter 7 of Title 11 of the Bankruptcy Code in this Court and was granted a

discharge under 11 U.S.C. § 727 on December 8, 2017.

10.     On December 13, 2017 Barbara Whipple, Esq. on behalf of Nationstar filed a Motion for

Relief from Stay and a hearing was scheduled for January 30, 2018.

11.     On January 9, 2018 Richard McCord, Esq., Chapter 7 Trustee, filed an Application for

rule 2004 Examination of the Debtor suggesting Nationstar had received full payoff payment on

or before the Filing Date. Trustee withdrew the Application and a Report of No Distribution was

docketed on January 15, 2018.

12.     On January 22, 2018 Debtor filed at docket no. 30 & 31, a Request to enter into the Loss

Mitigation Program and an Objection to Nationstar's Motion for Relief, respectively.

13.     Nationstar's Attorney attended it's January 30, 2018 hearing, despite Nationstar having

sold and transferred servicing rights to SLS effective December 18, 2017 and without being the

Real Party in Interest pursuant to Federal Rules of Bankruptcy Procedure Rule 7017 and FRCP

17(a), or giving notice to the Court, Trustee or Debtor of the transfer of servicing.

14.     SLS sent Debtor February 13, 2018 a Pubic Auction Notice of Sale of Cooperative

Apartment Security naming Nationstar as the holder of the Security. (Exhibit to docket no. 43)

15.     Debtor subsequently filed and hereby incorporates by reference the following requests

for relief:

   a.   3/20/2018 **Motion for Contempt** at docket no. 43 for violations of the Automatic

   Stay; seeking to hold Nationstar in contempt for March 21, 2018 attempted Public

   Auction of Debtor's exempt personal property (tenant's rights in proprietary lease and

   shares in 35-21 79th Street Tenant's Corporation), and 3 letters sent 8/14/17, 9/15/17, and

   12/6/17 in violation of the automatic stay. (Exhibits to docket no. 43)

   b.   4/5/2018 **Motion to Strike** for Improper Service at docket no. 53 in Reply to

   Nationstar's Objection at docket no. 50; seeking sanctions and to strike the Objection on

   grounds of willful failure and refusal to give notice as provided in rule 9013-1(d).

   c.   5/17/2018 **Motion to Strike** at docket no. 65 in reply to Nationstar's Notice

   Withdrawing Motion for Relief From Stay at docket no. 56; seeking that the letter

   withdrawing the Motion for relief From Stay be stricken; a hearing held to determine the

   merits of debtor's objections or, should the withdrawal of the motion for relief from stay

be allowed, on what terms and conditions so that the Debtor's rights to recovery are protected; debtor's reasonable attorney's fees, costs and lost wages or other damages as authorized under the general power of the court as set forth in 11 U.S.C. § 105(a); sanctions against Nationstar and/or Attorney(s) pursuant to 28 U.S.C. §1927 and 11 U.S.C. § 105(a) for the fraudulent servicing transfer to SLS and for having failed to follow proper procedure and causing the additional waste of valuable time and resources.

d.  5/29/2018 **Motion for Contempt** and Proposed Order to Show Cause at docket no. 67; seeking sanctions and costs for Nationstar's violation of the Order directing the Debtor and Alleged Creditors Nationstar Mortgage LLC, d.b.a. Mr. Cooper and Specialized Loan Servicing, LLC to participate in the Loss Mitigation Program on grounds the Order at docket no. 55 deadline no. 1 stipulates that "a Creditor shall furnish each Loss Mitigation Party with written notice of the name address and direct telephone number of the person who has full settlement authority." Nationstar failed and refused to provide written notice of the name, address and direct telephone number of the person who has full settlement authority for either Loss Mitigation Order. (docket 34 & 55)

e.  7/5/2018 **Motion** to Cancel Sale and for Contempt and Sanctions at docket no. 74; seeking relief from SLS that has been settled and from Nationstar for not participating in good faith pursuant to LOSS MITIGATION PROGRAM PROCEDURES sections VI. (B) and VII. (A) prohibiting foreclosure and requiring good faith participation.

f.  8/7/2018 **Motion to Strike** at docket no. 83 in reply to Nationstar's Objection at docket no. 81; Debtor moves for sanctions and to strike Nationstar's Objection in its entirety.

g.  10/19/2018 **Motion for Contempt** and Sanctions at docket no. 95 for violations

of the discharge injunction and rule 9011(b)(1) in reply to Nationstar's Opposition at

docket no. 93; seeking actual damages, sanctions, costs and attorney's fees, finding

Nationstar in contempt for continuing to not participate in good faith.

## PARTIES

16.     Upon information and belief, the Defendants are limited liability companies,

NATIONSTAR MORTGAGE LLC ("Nationstar") with it's principal place of business at 8950

Cypress Waters Boulevard, Coppell, Texas 75019, and SPECIALIZED LOAN SERVICING,

LLC ("SLS") with it's principal place of business at 8742 Lucent Boulevard, Suite 300, Highland

Ranch, Colorado 80129. FEDERAL HOME LOAN MORTGAGE CORPORATION with it's

principal place of business at 8200 Jones Branch Drive, McClean, Virginia 22102.

17.     Upon information and belief, the Defendants are formed under the laws of the State of

Delaware and claim to be the owner and holder of the note and mortgage described herein.

18.     Upon information and belief, each of the Unnamed Defendants is a corporation,

partnership, limited liability company, national association, or some other entity, or an

individual, and has alleged to be holders of the interest, if any, in the HSBC MORTGAGE

CORPORATION (USA), N.A. Mortgage (as defined below).

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

19.     As of the Filing Date, the Plaintiff was vested with all of the Debtor's legal and equitable

interests in property, including interests in the personal property subject to these proceedings.

20.     Bankruptcy Code § 544(a) confers upon a trustee in bankruptcy the status of:

a.  a creditor that extends credit to the debtor at the time of the commencement of the

case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

b.   a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

c.   a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

21.    As of the Filing Date Debtor was owner of the subject chattel personal property, Stock Shares and Proprietary Lease securing rights in the Tenancy at 35-21 79th Street, Apartment 4E, Jackson Heights, New York 11372, U.S.A..

22.    As of the Filing Date, the Debtor scheduled alleged secured creditors Nationstar and SLS as having non-priority unsecured claims totaling $238,176.40.

23.    On or about March 20, 2006, a note and mortgage (the "HSBC MORTGAGE CORPORATION (USA), N.A., Mortgage") covering the Property were executed by the Debtor and delivered to HSBC MORTGAGE CORPORATION (USA), N.A. ("HSBC"), in the sum of One Hundred Ninety Five Thousand Six Hundred ($195,600.00) Dollars, which mortgage was recorded in the Office of the Clerk of Queens County on March 20, 2006, A copy of the HSBC Mortgage is attached to docket no. as 26-1 as Composite Exhibit "A".

24.    In connection with the HSBC Mortgage, the Debtor acquired title to the Stock Shares

and Proprietary Lease securing Tenancy at 35-21 79th Street, Apartment 4E, Jackson Heights,

New York 11372, U.S.A.

25.    The Note dated March 20, 2008, is made payable to HSBC MORTGAGE

CORPORATION (USA), N.A., and is attached as Composite Exhibit "A" to docket no. 26-1.

26.    An Assignment of the Mortgage, which was made on April 19, 2013, allegedly

transferred the Security Agreement from HSBC MORTGAGE CORPORATION (USA), N.A. to

HSBC BANK USA, N.A., and is attached as Composite Exhibit "A" to docket no. 26-1.

27.    An Assignment which was made on December 15, 2016, allegedly transferred the

Security Agreement from HSBC BANK USA, N.A. to NATIONSTAR MORTGAGE LLC.

28.    An Assignment made after the Filing Date and Discharge on February 27, 2018, allegedly

transferred the Security Agreement from NATIONSTAR MORTGAGE LLC to SPECIALIZED

LOAN SERVICING, LLC.

29.    Despite the alleged debt in question having been paid in full on or before the filing date

and then discharged 12/8/2017 at docket no. 24, the Mortgage Lien on exempt property of the

Debtor's bankruptcy estate is also fatally defective, unenforceable and avoidable. The UCC-1

Lien collateral description references the proprietary lease and shares of a non-existent

corporation and the HSBC UCC-3 assignment from paragraph no. 26 contains the incorrect

property and legal descriptions.

30.    On December 13, 2017, Nationstar commenced an action to foreclose on the HSBC

Mortgage by filing the Motion for Relief from the Automatic Stay (docket no. 26).

31.    In paragraph 5 of Nationstar's Motion it is incorrectly alleged that the Debtors "terms of

the aforementioned Note and Mortgage have been in default and remain in default since

September 1, 2014 with arrears in the amount of $46,282.00 as of December 5, 2017... As per

Secured Creditor's statement the total amount due is $246,748.72."

## ARGUMENT AND DISCUSSION

32.     Section 522(h) permits a debtor to avoid transfers of certain exempt property. See 11

U.S.C. § 522(g); see also In re Trosky, 371 B.R. 1, 706 (Bankr. M.D. Pa. 2006). A debtor must

establish five requirements: (1) the debtor must have transferred the property involuntarily; (2)

the debtor did not conceal the property; (3) the trustee did not attempt to avoid the property's

transfer; (4) the debtor wants to exercise avoidance powers listed within § 522(h)(1); and, (5) the

debtor must be able to exempt the property from the estate if a trustee avoided the transfer

pursuant to provisions found in § 522(g). See In re Patton, 314 B.R. 826, 831 (Bankr. D. Kan.

2004); In re Shifano, No. 12-11148, 2013 WL 85203 *1, *4 (Bankr. D. Del. 2013). Once these

elements are met, a debtor may avoid unrecorded liens for his own benefit through a trustee's

strong arm powers under§ 544(a)(3). 11 U.S.C. § 522(h); see In re Meyers, 262 B.R. 445,447

(Bankr. N.D. Ind. 2001).

33.     Property transfer was involuntary, Debtor did not conceal the Property, nor did the trustee

seek to avoid HSBC Mortgage under § 544 fulfilling § 522(g) and (h)'s statutory requirements.

34.     Debtor seeks to use § 544(a)(3), which is encompassed within § 522(h)(1), as a defense

to alleged secured creditors' February 27, 2018 assignment and § 548 fraudulent conveyance

while suit is pending of property subject to Loss Mitigation. Circumstantial evidence consisting

of "badges of fraud" may "lead to irresistible conclusion that transferor's conduct was motivated

by [requisite actual] intent." 4 Collier On Bankruptcy ¶ 548.02[5] at 548-33 (15th ed. 1982). The

Property is Debtor's home and can be exempted under § 522(b). Therefore, Debtor may avoid the Property's transfer.

35.     Under § 544, a trustee has the rights and powers to avoid any property a debtor transfers or any obligation a debtor incurs that is voidable by "a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). See Zebley v. First Horizon Loans (In re Ong), 458 B.R. 717, 720 (Bankr. W.D. Pa. 2011) ("Ong"). As a hypothetical purchaser, a trustee is deemed to have conducted a title search, paid value for the property, and perfected his interest as a legal titleholder at the time of the bankruptcy filing. 5 Collier on Bankruptcy, ¶ 544.05 (16th ed. 2011); see Ong, 458 B.R. at 720.

36.     State law determines what rights and powers a trustee has as a bona fide purchaser. 5 Collier on Bankruptcy, at ¶ 544.05; see Ong, 458 B.R. at 720. Hence, a trustee's strong arm powers cannot override the applicable state's recording statute and constructive notice requirements. 5 Collier on Bankruptcy, at ¶ 544.05; see Ong, 458 B.R. at 720. Additionally, where there are "matters of record giving constructive notice of competing interests-for example, because of ... a divorce decree, a pending divorce proceeding, a lis pendens, or an Inquiry notice of a prior claim- [a] trustee is precluded from using the avoiding powers." Ong, 458 B.R. at 720-21 (quoting 5 Collier on Bankruptcy, ¶ 544.02[2] at 544-7). Notice is analyzed from the standpoint of a hypothetical purchaser, which means that it is inconsequential whether a trustee has actual knowledge of a lien or defect. 5 Collier on Bankruptcy, at ¶ 544.05; see Ong, 458 B.R. at 721. This is the case even when state substantive law precludes a potential buyer from

becoming a bona fide purchaser due to the buyer's actual knowledge of an existing lien or defect. 5 Collier on Bankruptcy, at ¶ 544.05; see Ong, 458 B.R. at 721.

37.     As noted, the Property is subject to New York law. New York's "race notice" statutory recording scheme enables a mortgagee or purchaser without notice of any other mortgages or conveyances who records first in the county where the real property is located to gain priority over other mortgages or conveyances (RPL§ 291, Alliance Fund Co. v Taboada, 39 AD3d 784 [2007]). In other words, "in order to cut off a prior lien, such as a mortgage, the purchaser must have no knowledge of the outstanding lien and win the race to the recording office" (Goldstein v Gold, 106 AD2d at 102).

38.     When Debtor steps into the shoes of a trustee exercising strong arm powers, by way of § 522(h)(3), he becomes as a bona fide purchaser. A trustee standing in the shoes of a hypothetical bona fide purchaser would not have notice of the HSBC Mortgage. However, Debtor as a hypothetical bona fide purchaser is considered an innocent third party. Lauver, 372 B.R. at 757. As noted above, under the Bankruptcy Code, a hypothetical purchaser is deemed to have conducted a title search, paid value, and perfected his interest in the Property on August 10, 2017; hence, he would not have notice of the HSBC Mortgage. Therefore, the hypothetical bona fide purchaser would have an interest superior to the defective and unenforceable HSBC Mortgage. This allows Debtor to avoid the extinguished HSBC Mortgage and Lien.

39.     This is precisely the result that the Bankruptcy Code requires under§ 522 and § 544. See e.g Meyers, 262 B.R. at 447 (" [W]here all of the statutory requirements have been met [under§ 522(g) and (h)], a debtor may use the trustee's avoiding powers for its own benefit."). Legislative history states that § 522(h) was designed to allow debtors to recover transferred property to their

advantage, regardless of whether a claimant's error was unintentional. S. Rep. No. 95-989, at 77

(1978) ("[Subsection (h)] permits preserving a transfer for the benefit of the debtor."). Section

544(a)(3) does not distinguish unreleased satisfied mortgages from defective and unenforceable

liens. See Anderson, 266 B.R. at 132 ("[T]he strong-arm clause . . . permits a bankruptcy trustee

to avoid any unrecorded or undisclosed interests in property if a bona fide purchaser would have

prevailed over that interest.").

40.     The Debtor, now standing in the shoes of the Trustee, pursuant to 11 USC section 522(h)

and in turn, the Trustee having strong arm powers under 11 USC section 544(a)(3), (which gives

the Trustee the rights and powers of a hypothetical judicial lien creditor or a bona fide purchaser

of real property at the time of the commencement of the case, the Petition Date, regardless of the

actual existence of such creditor or purchaser). may use these powers to defeat Defendants'

claims.

## FIRST CLAIM FOR RELIEF

41.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through

"40" as if set forth fully herein.

42.     Upon information and belief, the HSBC Mortgage was satisfied by payment in full from

the proceeds advanced in connection with the HSBC Note and Mortgage.

43.     Upon information and belief, the HSBC Mortgage was used to extort amounts paid from

inception or closing till August 2014, in addition to payment of $238,176.42 Nationstar received

August 10, 2017 in response to a requested payoff statement.

44.     Upon information and belief, HSBC, Nationstar, SLS, the Unnamed Defendants, and/or

the title company that administered the closing of the Note and Mortgage failed to record a satisfaction of the HSBC Mortgage. Accordingly, there is no amount due and owning under the HSBC Mortgage.

45.    The Plaintiff is entitled to a judgment declaring:

 a.   that the HSBC Mortgage is satisfied;

 b.   that the HSBC Mortgage does not secure a claim against a debtor;

 c.   avoiding the HSBC Mortgage pursuant to 11 U.S.C. § 506(d); and

 d.   preserving the HSBC Mortgage for the benefit of the Debtors' estates pursuant to Bankruptcy Code § 551.

## SECOND CLAIM FOR RELIEF

46.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "45" as if set forth fully herein.

47.    The Defendants claim an interest in the Property adverse to that of the Plaintiff because of the HSBC Note and Mortgage.

48.    Any interest that the Defendants ever had or claims to have had in the Property and any and all liens or encumbrances thereon that may have existed or be claimed to have existed in favor of the Defendant are null and void and of no force and effect as against the Plaintiff and the Debtor's estate and the Plaintiff holds the Property free and clear from any claim, lien or encumbrance arising from the Note and Mortgage or the Defendants' rights therein.

49.    The Defendants are not infants, otherwise without mental capacity, or under any other disability.

50.    The judgment in this action will not affect a person not in being or ascertained at the

commencement of this action, who by any contingency contained in a devise or grant or otherwise could afterward become entitled to a beneficial estate or interest in the Property involved herein.

51.    The Plaintiff has not sought the relief requested herein before any other Court.

52.    The Plaintiff is entitled to a judgment against the Defendants:

    a.   declaring that the Defendants and every person claiming under the Defendants be forever barred from any and all claims to the estate or interest in the Property;

    b.   declaring that the Plaintiff is the lawful owner and vested in title to the Property described in this complaint, free and clear of the Note and Mortgage;

    c.   declaring that the Note and Mortgage are void, cancelled and discharged pursuant to 11 U.S.C. § 506(d) and/or 544;

    d.   directing the Clerk of the County of Queens to cancel and discharge the Mortgage of record;

    e.   and preserving the Note and Mortgage for the benefit of the Debtor's estate pursuant to Bankruptcy Code § 551.

## CONSOLIDATED CLAIMS FOR RELIEF

52.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "51" as if set forth fully herein.

53.    In paragraph 15 above Plaintiff Debtor Pro Se incorporates 7 Consolidated Motions for Contempt, Sanctions, Lost Wages, Costs, Fees, and Actual, Treble, Punitive and Statutory Damages.

54.    The Plaintiff has not sought the relief requested herein before any other Court.

55.    The Plaintiff is entitled to a judgment against the Defendants:

a.   holding Nationstar and Attorneys in Contempt for fraudulent transfer of servicing during litigation on December 18, 2017 resulting in SLS scheduling Auctions of Debtor's exempt personal chattel property for Nationstar as holder of security on March 21, 2018 and August 2, 2018, violating the Loss Mitigation Order and good faith participation provisions;

b.   declaring Nationstar's 3 letters described in paragraph 15(b) violations of the Automatic Stay, awarding sanctions, costs, actual and punitive damages;

c.   striking Nationstar's Objection at docket no. 50 for willful failure and refusal to provide proper service of process, awarding sanctions and costs;

d.   striking Nationstar's Notice Withdrawing Motion for Relief at docket no. 56 and scheduling a hearing to determine the merits of Debtor's Objections from docket no. 31;

e.   holding Nationstar and Attorneys in Contempt for violating the Order directing the parties to participate in the Loss Mitigation Program by failing and refusing to provide written notice of the name, address and direct telephone number of the person who has full settlement authority for either Loss Mitigation Order (docket 34 & 55);

f.   striking Nationstar's Objection at docket no. 81 for willful failure and refusal to provide proper service of process, awarding sanctions and costs;

g.   holding HSBC, PHH Mortgage Corporation, Mortgage Service Center, Nationstar in Contempt of court and in violation of the Discharge Injunction for continuously reporting the discharged account negatively to the Credit Reporting Agencies and awarding sanctions, costs and damages.

WHEREFORE,

56.    The Plaintiff demands judgment as follows:

a.   Determining that the HSBC Mortgage is satisfied, that Nationstar, SLS, and the Unnamed Defendants hold no secured claim against the Debtors' estates and that the lien related to the HSBC Mortgage is void pursuant to Bankruptcy Code § 506(d);

b.   Declaring that the HSBC Mortgage is preserved for the benefit of the Debtors' estates pursuant to Bankruptcy Code § 551;

c.   Defendant and every person claiming under the Defendant be forever barred from any and all claims to an estate or interest in the Property;

d.   Declaring that the Note and Mortgage are void, cancelled and discharged;

e.   Directing the Clerk of the County of Queens to cancel and discharge the Record of Mortgage;

f.   Determining that the Defendant holds no secured claim against the Debtors' estates and that the lien related to the Mortgage is void pursuant to Bankruptcy Code § 506(d);

g.   Disallowing the Defendant's claim against the Debtors' estates in its entirety pursuant to Bankruptcy Code § 502;

h.   Declaring that the Note and Mortgage are preserved for the benefit of the Debtors' estates pursuant to Bankruptcy Code § 551; and

i.   That it be adjudged and finally determined that the Plaintiff is the lawful owner and vested in title to the Property, free and clear of the Note and Mortgage;

j.   Holding Nationstar and Attorneys in Contempt as provided above in paragraph 55

awarding Sanctions, Costs and Damages to Debtor, striking Nationstar's Objections and

Ordering a hearing to determine actual damages and the merit of Debtor's Objection to

Nationstar's Motion for Relief seeking Contempt, Sanctions, Costs and Damages.

k.   and Such other and further relief as the Court may deem just, equitable and proper.

## TRIAL BY JURY

57.    Plaintiff is entitled to and hereby demands a trial by jury.


I declare (or certify, verify, or state) under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Executed on December 21, 2018.


SEAN M. MURRAY
Plaintiff and Debtor Pro Se

## VERIFICATION

SEAN M. MURRAY, being duly sworn, deposes and says:

I am the Petitioner. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Friday, December 21, 2018.

SEAN M. MURRAY
Plaintiff and Debtor Pro Se

**Uniform Certificate of Acknowledgment:**

State of New York )
                  ) ss
County of Queens )

On the 21 day of 12 in the year 2018 before me, the undersigned, personally appeared SEAN M. MURRAY personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature and office of individual taking acknowledgment

ANA PATRICIA SANTACRUZ
Notary Public, State of New York
No. 01SA6191021
Qualified in Queens County
Commission Expires Aug. 4, 2020

12/21/2018.

18 of 18

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | |
|---|---|
| In Re: | Case No.:        1-17-44157-ess |
| SEAN M. MURRAY | Chapter:        7 |

## CERTIFICATION OF SERVICE

The undersigned certifies that on Friday, December 21, 2018, a copy of the annexed papers: DEBTOR'S COMPLAINT & CONSOLIDATED MOTION FOR RELIEF, were served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, upon:

1.  Richard J. McCord, Chapter 7 Trustee
    Certilman Balin Adler & Hyman
    90 Merrick Avenue
    East Meadow, NY 11554

2.  Miriam Rosenblatt, Esq.
    Robertson, Anschutz & Schneid, P.L., Bankruptcy Department
    6409 Congress Avenue, Suite 100
    Boca Raton, Florida 33487

3.  Ehret Anne Van Horn, Esq.,
    Gross Polowy, LLC
    1775 Wehrle Drive, Suite 100
    Williamsville, NY 14221

Dated: Friday, December 21, 2018

By: _SEAN M. MURRAY_
SEAN M. MURRAY
P.O. BOX 1110
ALBANY, NEW YORK 12201-1110
U.S.A.
917.330.9284
seanmurray@prodigy.net