UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————x

In re:

SEAN M. MURRAY                                                    Case No. 17-44157

                                                                 Chapter:  7

                                  Debtor Pro Se

————————————————————————x

SEAN M. MURRAY

                                  Plaintiff                       Adv. Pro. No. 18-01141

                      -against-                                   **DEMAND FOR VERIFIED BILL
                                                                  OF PARTICULARS**

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES
                                  Defendants

————————————————————————x

## DEMAND FOR VERIFIED BILL OF PARTICULARS

1.   Pursuant to Federal Rules of Bankruptcy Procedure 7033, Plaintiff hereby submits the

following Interrogatories to Defendant. Plaintiff requests that Defendant serve its answers, in

writing and under oath, to the Plaintiff at P.O. Box 1110, Albany, New York 12201-1110, within

30 days of service of these Interrogatories. For the purpose of these Interrogatories only, Plaintiff

has used the definitions set forth below.

### I. Definitions

2.   As used in these Interrogatories:

"Agreement" means a contract, arrangement, or understanding, formal or informal, oral or

written, between two or more persons.

"Any" means one or more.

"Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

"Defendants", are successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

"Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and

all copies that differ in any respect from the original, including any notation, underlining,

marking, or information not on the original. The term also includes information stored in, or

accessible through, computer or other information retrieval systems (including any computer

archives or back-up systems), together with instructions and all other materials necessary to use

or interpret such data compilations. Without limitation on the term "control" as used in the

preceding paragraph, a document is deemed to be in your control if you have the right to secure

the document or a copy thereof from another person.

"Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place

of business (including zip code), its telephone number, and the name of its chief executive

officer, as well as, if it has a person other than a natural person that ultimately controls it, that

other person's name, the address of that person's principal place of business (including zip code),

that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number,

employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the

place where it occurred, the identity of the person who made the communication, the identity of

the person who received the communication, the identity of each other person when it was made,

and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the

author, the addressee, each recipient, the type of document, the subject matter, the date of

preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

"Including" means including, but not limited to.

"Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

"Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

"You," "your" or "your company" means the Defendant(s).

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean"and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

II. Instructions

3.  Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless

privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

4.   Pursuant to FRBP 7026(e), you are under a duty reasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

5.   For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

6.   Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

7.   For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## INTERROGATORIES

8.   Plaintiffs First Interrogatory: As and for Nationstar Mortgage LLC d/b/a Mr. Cooper's

("Nationstar" or "Defendant") Answer and FIRST AFFIRMATIVE DEFENSE, state with specificity and in what respect Plaintiff's Verified Complaint fails to state a claim upon which relief may be granted.

9.   Plaintiffs Second Interrogatory: As and for Nationstar's SECOND AFFIRMATIVE DEFENSE, state with specificity and in detail how Nationstar was not a party to Debtor's loan modification efforts.

10. Plaintiffs Third Interrogatory: As and for Nationstar's THIRD AFFIRMATIVE DEFENSE, state with specificity and detail in what respect: the Court lacks jurisdiction over the Complaint; the claims asserted in the Complaint against Nationstar are moot; and no relief is sought in the Complaint as against Nationstar that Debtor has not already received.

11. Plaintiffs Fourth Interrogatory: As and for Nationstar's FOURTH AFFIRMATIVE DEFENSE, state with specificity and detail in what respect the Plaintiff lacks standing to assert the claims raised in the Complaint.

12. Plaintiffs Fifth Interrogatory: As and for Nationstar's FIFTH AFFIRMATIVE DEFENSE, state with specificity and detail in what respect Debtor is estopped from bringing the claims asserted in the Complaint against Nationstar.

13.   Plaintiffs Sixth Interrogatory: As and for Specialized Loan Servicing, LLC's ("SLS" or "Defendant") Answer and FIRST AFFIRMATIVE DEFENSE, state with specificity and detail in what respect the Complaint, in whole or in part, fails to state a claim for which relief can be granted.

14. Plaintiffs Seventh Interrogatory: As and for SLS's SECOND AFFIRMATIVE DEFENSE,

state with specificity and detail how the Defendant is in possession of a validly perfected security

interest in the Property, which represents an interest in the Property that cannot be avoided by the

Trustee's strong arm power.

15. Plaintiffs Eighth Interrogatory: As and for SLS's THIRD AFFIRMATIVE DEFENSE, state

with specificity and detail in what respect the Plaintiff and the Defendant have entered a

stipulation settling outstanding allegations by the Debtor at Docket Numbers 43, 67 and 74. The

Stipulation was so ordered by the Court via docket order on October 26, 2018. To the extent that

any of the allegations in the Complaint are interpreted to be against SLS, those causes of action

must be dismissed pursuant to the Stipulation.

16. Plaintiffs Ninth Interrogatory: As and for SLS's FOURTH AFFIRMATIVE DEFENSE, state

with specificity and detail in what respect Plaintiff has exhibited a continuous pattern of delay

and deception in order to divert attention away from the serious delinquency that exists on this

account.

17. Plaintiffs Tenth Interrogatory: As and for SLS's FIFTH AFFIRMATIVE DEFENSE, state

with specificity and detail in what respect Plaintiff received the benefit from funding of the Loan.

State with specificity and detail in what respect the Plaintiff has been unjustly enriched as the

loan has been in default since September 2014.

18. Plaintiffs Eleventh Interrogatory: As and for SLS's SIXTH AFFIRMATIVE DEFENSE, state

with specificity and detail in what respect that any and all alleged events and happenings,

injuries, losses or damages referred to in the Complaint were directly and proximately caused

and contributed to, in whole or in part, by the carelessness and negligence of Plaintiff. State with

specificity and detail in what respect the extent of loss, damages or injury sustained by Plaintiff,

if any, should be reduced in proportion to the amount of negligence or fault attributable to said

Plaintiff.

19. Plaintiffs Twelfth Interrogatory: As and for SLS's SEVENTH AFFIRMATIVE DEFENSE,

state with specificity and detail in what respect Plaintiffs claims are barred by the doctrines of

laches, unclean hands, waiver and estoppel.

**ADMISSIONS**

20. Admit that Defendants were not in possession of the original promissory note at the time this

lawsuit or Nationstar's Motion for Relief from Automatic Stay (case 17-44157-ess docket # 26

Dec 13. 2017) was filed.

21. Admit that no party, at least 30 days prior to the filing of this lawsuit, gave Plaintiff notice

that the Note was assigned to Defendants.

22. Admit that the Copy of the Note attached to the Complaint was an accurate photocopy of the

original Note as of the date that the Complaint was filed.

23. Admit that Defendants are not holders of the Note.

24. Admit that Plaintiff didn't send Defendant notice pursuant to sections 17 or 22 of the

Mortgage.

25. Admit that no document exists that shows Defendants received the original note on or before

August 10, 2017.

26. Admit that no document exists that shows Defendants held the original note on or before

August 10, 2017.

27. Admit that no document exists that shows Defendants was in possession of the original note

on or before August 10, 2017.

28. Admit that Plaintiff is not the non-holder in possession of the note who has the rights of a holder.

29. Admit that these admissions are being answered by Plaintiff's servicer.

30. Admit that Plaintiff is a third party beneficiary of the Pooling and Servicing Agreement mentioned in the Trial Payment Plan between Specialized Loan Servicing, LLC and the Federal Home Loan Mortgage Corporation.

31. Admit the promissory note tendered by Debtor at the subject loan's inception was endorsed and deposited as a cash instrument for cash value.

32. Admit that full payoff in the amount of $238,176.42 made August 10, 2017 pursuant to Gross Polowy LLC's Payoff Statement issued August 8, 2017 on Nationstar's behalf has not been returned nor has Notice of Dishonor of payment been issued.

33. Admit that accounting for this payment has occurred and describe any actions taken, including but not limited to communications with the New York State Department of Banking.

34. Admit the property, the proprietary lease and shares securing tenancy at 35-21 79th Street, Apartment 4E, Jackson Heights, New York 11372, U.S.A., is subject to a first lien to 35-21 79th Street Tenants Association making the unperfected, unenforceable, avoidable lien currently assigned to SLS a second lien subject to avoidance in bankruptcy proceedings.

35. Admit Defendants do not have authority to collect on a debt or evidence of my consent to disclosure of personal or financial information to third parties.

36. Admit Public Regulatory or IRS filings will demonstrate fraud on the part of HSBC MORTGAGE CORPORATION, Defendants and their agents or assigns with respect to claims of right, title or interest in Plaintiff's property.

37. Admit that all tax obligations, including but not limited to those associated with REMIC violations, arising from the alleged instrument of indebtedness have been met by parties claiming any right, title or interest in the loan accounts or in the person or property of the Plaintiff.

38. Admit HSBC MORTGAGE CORPORATION and Defendants have no verifiable legal standing evidenced by valid enforceable authenticated assignment or original wet ink note or instrument of indebtedness.

## REQUEST FOR PRODUCTION OF INFORMATION AND DOCUMENTS

39. Provide a copy of the servicing contract or purchase agreement for rights purchased from HSBC MORTGAGE CORPORATION, HSBC BANK USA N.A., PHH MORTGAGE CORPORATION, and NATIONSTAR MORTGAGE LLC, and copies of the contracts for purchasing of servicing rights between all prior servicers to inception.

40. Provide accounting for the note and proceeds as reported to Bloomberg and other third party sources or required by regulations or statute.

41. Provide all documents which are related to the subject loan transaction including but not limited to Note, modification of mortgage, judgment notes, security agreements, mortgages, assignments, allonges, insurance agreements, servicing agreements, pooling and servicing agreements and any and all other documents that relate or reference in any way the loan, or Plaintiff's ability to service the loan, which is the subject of this instant litigation.

42. Provide all documents which show the exact date that Defendants came into possession of the Note(s) in question.

43. All documents which show that Defendants held, received, or were in possession of the original note prior on or before August 11, 2017.

44. If the Defendants claim that this mortgage and note are held in trust and the Defendant is associated with said trust, please produce any relevant mortgage loan schedule which should include the Mortgagor's name, loan identification number, the property address, etc. Please also produce any exceptions schedule which shows what mortgages were not transferred into the trust.

45. Any corporate resolution, power of attorney, contract, or document which shows that all parties which are able to act as servicing agent or otherwise authorized to act on behalf of Defendants or Plaintiff with regard to the note or mortgage.

46. All correspondence generated by any party concerning the loan transaction, mortgage or note in question, and instant foreclosure, from January 1, 2008 until the date of responding to this request.

47. All telephone log sheets, computer printouts and any other internal memoranda or notes concerning this account.

48. All executed or unexecuted, recordable or non recordable assignments associated in any way with the subject loan including, but not limited to, assignments, transfers, allonges or any other document that purports to transfer the interest in the subject note and mortgage to any party from the date of its inception until the date of answering these requests for production.

49. All contracts between the Defendants and any person or entity responsible for servicing the mortgage and/or note.

50. All contracts, agreements and any other documents which show how and when the note and mortgage that are at dispute in this transaction came into possession of the Defendants.

51. All notices sent to Plaintiff pursuant to the Mortgage.

52. All documents which show the: (1) name of the computer system that holds, processes, creates documents, prepares data, maintain, analysis, and otherwise contain the documents, information, data compilations, codes, and records of Defendant's purported mortgage, note, payment history, indebtedness, lender placed insurance, hazard insurance, late charges, appraisal, property inspections, brokers price opinions, title charges, title updates, etc.; (2) the date of the system was created; (3) who maintains the system; (4) who developed the system; (5) what tasks the system performs; (6) who has access to the system; (7) how often the system is audited for accuracy; (8) how information is boarded or input into the system; (9) who boards the information into the system; and (10) where the server to the system is located.

53. Any and all bailee letters or other documents or data compilations which show who owned, held, serviced, or otherwise had any rights to enforce the note or mortgage.

54. All documents that borrower sent to lender, or its successors and assigns, that designates a substitute address by which notices should be sent under the mortgage.

55. All assignments of mortgage upon which Defendants rely.

56. All documents that Plaintiff intends to rely on at trial.

57. A copy of the mortgage loan schedule which reference the instant note or mortgage.

58. A copy of all Requests for Release of Documents which reference the instant note or mortgage.

59. All written notices to either Defendant or Defendants which notify them of the assignment of the note at issue to another entity.

60. All communications regarding or relating to the creation of the Assignment of Mortgage.

61. All communications between HSBC MORTGAGE CORPORATION, HSBC BANK USA

N.A., PHH MORTGAGE CORPORATION, MORTGAGE SERVICE CORPORATION,

FREDDIE MAC, NATIONSTAR, SLS concerning the instant file.

Friday, May 10, 2019                                    By: _SEAN M. MURRAY_
                                                        SEAN M. MURRAY
                                                        P.O. BOX 1110
                                                        ALBANY, NEW YORK
                                                        12201-1110 U.S.A.
                                                        917.330.9284
                                                        seanmurray@prodigy.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————x
In re:

SEAN M. MURRAY                                    Case No. 17-44157

                                                 Chapter:  7

                              Debtor Pro Se
————————————————————————x

SEAN M. MURRAY
                              Plaintiff           Adv. Pro. No. 18-01141

               -against-

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A
MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES
                              Defendants
————————————————————————x

## CERTIFICATION OF SERVICE

The undersigned certifies that on Friday, May 10, 2019, a copy of the annexed papers:
DEMAND FOR A VERIFIED BILL OF PARTICULARS, were served by depositing same,
enclosed in a properly addressed postage-paid envelope, in an official depository under the
exclusive care of the United States Postal Service within the State of New York, upon:

1. Richard J. McCord, Chapter 7 Trustee
   Certilman Balin Adler & Hyman
   90 Merrick Avenue
   East Meadow, NY 11554
2. Cleo Sharaf-Green, Esq. (Via Email and USPS)
   ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
   Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
   900 Merchants Concourse
   Westbury, NY 11590
   csharaf@rasboriskin.com

3.  Robert W. Griswold (Via Email and USPS)
    Bankruptcy Attorney
    Shapiro, DiCaro & Barak, LLC
    Attorneys for Specialized Loan Servicing LLC
    One Huntington Quadrangle, Suite 3N05
    Melville, NY 11747
    rgriswold@logs.com

Dated: Friday, May 10, 2019

By: *SEAN M. MURRAY*
SEAN M. MURRAY
P.O. BOX 1110
ALBANY, NEW YORK
12201-1110 U.S.A.
917.330.9284
seanmurray@prodigy.net