UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x
In re:

SEAN M. MURRAY                                    Case No. 17-44157

                                                  Chapter: 7

                Debtor Pro Se
―――――――――――――――――――――――x

SEAN M. MURRAY
                Plaintiff                         Adv. Pro. No. 18-01141

        -against-                                 PLAINTIFF'S RESPONSE TO
                                                  WRITTEN DISCOVERY REQUESTS

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES
                Defendants
―――――――――――――――――――――――x

**PLAINTIFF'S RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC AND SPECIALIZED LOAN SERVICING, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, applicable here under Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036, Plaintiff Pro Se SEAN M. MURRAY ("Plaintiff") hereby responds to Defendants NATIONSTAR MORTGAGE LLC D/B/A MR COOPER ("Nationstar") and SPECIALIZED LOAN SERVICING, LLC'S ("SLS") Requests for Production.

**PRELIMINARY STATEMENT**

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests for documents, admissions and interrogatory, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Plaintiff, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from others.

4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the

responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Plaintiff will make available for inspection at Plaintiff's offices responsive documents. Alternatively, Plaintiff will produce copies of the documents.

7. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

8. Plaintiff asserts these General Objections to Defendants' Requests for Admission, Interrogatories, and Requests for Production and incorporates them by reference into each.

9. Plaintiff objects to each request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity. None of Plaintiff's responses are intended as, nor should be construed as, a waiver or relinquishment of the attorney-client privilege, the work product doctrine, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity.

10. Plaintiff objects to each request to the extent that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant documents or admissible evidence.

11. A statement that Plaintiff will produce documents in response to any request herein does not mean that such documents exist, but only that, to the extent such documents do exist and are not subject to the preliminary statement and/or a general objection, Plaintiff will produce non-privileged, responsive documents that are identifiable after a reasonable search.

12. Plaintiff objects to the requests to the extent that they seek documents and information outside of Plaintiff's possession, custody, or control. Plaintiff objects to searching for, or producing, documents from its outside advisors, attorneys, agents, or consultants.

13. Plaintiff objects to the Written Discovery Requests to the extent RAS Boriskin, LLC, Attorney for "Secured Creditor," Nationstar gives notice as Plaintiff in signing their FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF. Defendant Nationstar has waived any right to supplement or amend requests by failing to timely serve their Written Discovery Requests.

14. Plaintiff generally objects to Nationstar's Written Discovery Request as not timely served received via email May 12, 2019 at 7:12pm (Attached as Exhibit A) from Cleo F. Sharaf-Green, Esq., Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper (alleged "Secured Creditor"). Judge Stong Ordered April 10, 2019 (Docket No. 9) that the parties are directed to serve all document requests, interrogatories, and requests for admission (the "Written Discovery Requests") by May 10, 2019. Defendant Nationstar's Written Discovery Request does not contain an Affidavit or Certificate of Service and was not served on Plaintiff by May 10, 2019.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

15. Plaintiff objects to Definition No. 2 regarding "Alleged Payoff." The Definition is presumptive, overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals, agencies, or entities other than the Plaintiff.

16. Plaintiff objects to the Defendants definition of "Document" in Definition 1(c) of SLS's

Document Requests to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. The definition also exceeds the permissible bounds under Rule 34 of the Federal Rules of Civil Procedure. Specifically, the Defendants define "Document" as "electronically stored information (including, without limitation, email, no matter the computer-related item storing the email)... ." Plaintiff objects to searching for or producing ESI contained on disaster recovery, back-up, or archival media, legacy systems, or deleted, fragmented, shadowed, or temporary data on the grounds that such information is not reasonably accessible due to cost and burden, and that the burden and cost of searching, processing, and producing this material would far exceed any marginal benefit to be gained by conducting such a search.

17. Plaintiff objects to Nationstar Definition D "Parties" to the extent it relies on the undefined term "Secured Creditor." While "Secured Creditor" is in parenthesis to refer to "Nationstar Mortgage LLC d/b/a Mr. Cooper" that gives no greater meaning to the phrase or unsupported claim of "Secured Creditor".

18. Plaintiff objects to SLS Definition No. 7 regarding "Settlement" to the extent it relies on the Settlement Agreement subject to Judge Stong's Order Dated 11/29/18 at Docket No. 102 mentioning the October 26, 2018 hearing and Judge Stong's direction to SLS that the Settlement Agreement mentioned in the proposed stipulation filed at Docket No. 97 be filed into the court. To date SLS has not complied with Judge Stong's direction.

19. Plaintiff objects to SLS Definition and Instruction Number 11 and 12 on the grounds that they are overly broad and unduly burdensome, requiring much work without promise of revealing any relevancy.

## OBJECTIONS AND RESPONSES TO SLS REQUESTS FOR PRODUCTION

### SLS DOCUMENT REQUEST NO. 13:

13. *Any and all available information concerning the purchase of the Property, including the purchase price of the Property, the amount the Debtor put down, and the amount borrowed by the Debtor in connection with the purchase of the Property.*

### RESPONSE TO DOCUMENT REQUEST NO. 13:

In addition to the above General Objections, Plaintiff objects to the extent this document request is overbroad, burdensome, irrelevant, ambiguous, unreasonably cumulative and information available to both parties as it seeks information in the related court records and Defendant's possession. Read literally, this request would require the Plaintiff to produce otherwise non-responsive documents simply because they were reviewed and determined to be non-responsive. Subject to the foregoing objections, Plaintiff will produce documents responsive to Request for Production Number 13.

### SLS DOCUMENT REQUEST NO. 14:

14. *Information concerning any payments made by the Debtor or on the Debtor's behalf over the life of the Loan and the identity of the party to which those payments were made.*

### RESPONSE TO DOCUMENT REQUEST NO. 14:

Plaintiff objects to this document request as irrelevant, duplicative and burdensome to the extent that it calls for documents already in Defendant's possession. Subject to the above objections, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by privilege, including correspondence to and from the New York State Attorney General and Department of Financial Services. ("DFS")

### SLS DOCUMENT REQUEST NO. 15:

15. *Information concerning the receipt by the Debtor of the Settlement Proceeds.*

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff is obligated regarding disclosure under the terms of Settlement Agreement. Plaintiff will produce information responsive to Request No. 15 on condition of waiver and release of Plaintiff by Defendant from the Settlement Agreement.

**SLS DOCUMENT REQUEST NO. 16:**

16. *Any and all available information concerning the Alleged Payoff, including but not limited to proof of payment and cancelled check information showing payoff funds were received.*

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff objects to this document request as irrelevant, duplicative and burdensome to the extent that it calls for documents already in Defendant's possession. Subject to the above objections, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privilege, including the available documentation from the New York State Department of Financial Services ("DFS").

**SLS DOCUMENT REQUEST NO. 5:**

17. *Information concerning any transfers of ownership of the Property, or any rental agreements to the property since the origination of the Loan.*

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this document request as irrelevant, oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation. The request relies on the terms "transfers of ownership" and "rental agreements," which are not defined in Defendant's Discovery Requests or clear as to the extent applicable or relevant to

Plaintiff. Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control, other than those that have already been produced to Defendant.

## OBJECTIONS AND RESPONSES TO DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER 'S REQUEST FOR ADMISSIONS TO DEBTOR

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 1 - 12:

Plaintiff objects to Defendant Nationstar's Request for Admissions in their entirety on the basis that Counsel for Defendant Nationstar failed to timely serve Defendant's Discovery Request pursuant to Judge Stong's April 10, 2019 Order to serve Written Discovery Requests by May 10, 2019.

## OBJECTIONS AND RESPONSES TO DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER 'S INTERROGATORIES

### RESPONSE TO INTERROGATORY NO. 1 - 36:

Plaintiff objects to Defendant Nationstar's Interrogatories in their entirety on the basis that Counsel for Defendant Nationstar failed to comply with Federal Rules of Bankruptcy Procedure Rule 7033, where Rule 33 F.R.Civ.P. applies in adversary proceedings, providing that a party may serve on any other party no more than 25 written interrogatories. Plaintiff also objects for Counsel's failure to timely serve Defendant's Discovery Request pursuant to Judge Stong's April 10, 2019 Order to serve Written Discovery Requests by May 10, 2019.

## OBJECTIONS AND RESPONSES TO DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER 'S REQUESTS FOR PRODUCTION

### RESPONSE TO RFP No. 1 - 8:

Plaintiff objects to Defendant Nationstar's Request for Production of Documents in their entirety on the basis that Counsel for Defendant Nationstar failed to timely serve Defendant's Discovery

Request pursuant to Judge Stong's April 10, 2019 Order to serve Written Discovery Requests by May 10, 2019.

Dated: Monday, June 10, 2019            By: *Sean M. Murray*
SEAN M. MURRAY
P.O. BOX 1110
ALBANY, NEW YORK
12201-1110 U.S.A.
917.330.9284
seanmurray@prodigy.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————x
In re:

SEAN M. MURRAY                                          Case No. 17-44157

                                                        Chapter: 7

                      Debtor Pro Se
———————————————————————x

SEAN M. MURRAY
                    Plaintiff                 Adv. Pro. No. 18-01141

       -against-

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,
as SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION,
JOHN AND JANE DOE CORPORATIONS AND ENTITIES
                    Defendants
———————————————————————x

## CERTIFICATION OF SERVICE

The undersigned certifies that on Friday, May 10, 2019, a copy of the annexed papers: PLAINTIFF'S RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC AND SPECIALIZED LOAN SERVICING, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, were served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, upon:

Cleo Sharaf-Green, Esq. (Via Email and USPS)    Robert W. Griswold (Via Email and USPS)
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.             Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC           Attorneys for Specialized Loan Servicing
900 Merchants Concourse                         One Huntington Quadrangle, Suite 3N05
Westbury, NY 11590                              Melville, NY 11747
csharaf@rasboriskin.com                         rgriswold@logs.com

Richard J. McCord, Chapter 7 Trustee            Dated: Friday, May 10, 2019
Certilman Balin Adler & Hyman                   By: _SEAN M. MURRAY_
90 Merrick Avenue                               SEAN M. MURRAY
East Meadow, NY 11554                           P.O. BOX 1110
                                                ALBANY, NEW YORK 12201-1110

From: **Cleo Green-Sharaf** csharaf@rasboriskin.com
Subject: Nationstar's Discovery Demands
Date: May 12, 2019 at 7:16 PM
To: Murray, Sean, Michael seanmurray@prodigy.net



Mr. Murray,

Please find attached Nationstar's following discovery demands:

1) Request for Admissions;
2) First Request for Production of Documents; and
3) First Set of Interrogatories.

Thank you,

Cleo F. Sharaf-Green
Counsel
RAS Boriskin, LLC
900 Merchants Concourse
Westbury, New York 11590
Phone (516) 280-7675 ext. 1194
Fax (516) 280-7674
csharaf@rasboriskin.com

-----Original Message-----
From: Murray, Sean, Michael <seanmurray@prodigy.net>
Sent: Friday, May 10, 2019 3:30 PM
To: Sheree_Jackson@nyeb.uscourts.gov; Cleo Green-Sharaf <csharaf@rasboriskin.com>; Robert W. Griswold <rgriswold@logs.com>; Kate Heidbrink <kheidbrink@logs.com>
Subject: Plaintiff's Demand for Verified Bill of Particulars dated May 10, 2019 pursuant to the Apr 10, 2019 Order at Docket Number 9: 1-18-01141

Please find attached Plaintiff's Demand for Verified Bill of Particulars dated May 10, 2019.

Deputy Jackson, can you confirm receipt at your convenience and that the attached pdf will be docketed?

Thank you,
Sean

Pursuant to the Fair Debt Collection Practices Act, it is required that we state the following to you: "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose."

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by RAS Boriskin, LLC. for damage arising in any way from its use.

  

interrog-        request for
murray.pdf    admiss...ray.pdf