RAS BORISKIN
LAW OFFICES
900 Merchant Concourse, Suite 106
Westbury, New York 11590
Phone (516) 280-7675
Fax (516) 280-7674

August 19, 2019

**VIA EMAIL AND ECF**

Sean M. Murray
P.O. Box 1110
Albany, New York 12201

**In re:** **Sean M. Murray, Bankr. Case No. 17-44157 (ESS), Chapter 7**
**Murray v. Specialized Loan Servicing et al, Adv. Proc. No. 18-01141**
**Defendant's Objections to Debtor's Second Discovery Responses**

Dear Mr. Murray:

This office represents defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") in your ("Plaintiff" or "Debtor") above-captioned adversary proceeding (the "Complaint"). The purpose of this letter is to set forth Nationstar's objections to Plaintiff's Second Response to Defendant Nationstar Mortgage LLC's First Requests for Production of Documents, Set of Interrogatories and Request for Admissions, dated August 12, 2019 [Adv. Proc. Dkt No. 16] (the "Debtor's Second Discovery Responses").

For purposes of Rule 7033-1, interrogatories questions are restricted to, among other things, "information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, and information of a similar nature, to the extent such information has not already been provided under Federal Rule of Civil Procedure 26(a)(1).".

By discovery demand dated May 10, 2019, Nationstar requested additional information regarding ¶55 of the Complaint. Debtor's Second Discovery Responses fail to respond to Nationstar's interrogatories, document demands and request for admissions. Most troubling responses are:

(a) Debtor's responses to Nationstar's interrogatories Nos. 32, 33 & 34 which refuse to provide more information regarding Debtor's claims against Nationstar as listed in ¶ 55 of Debtor's Complaint;

(b) Debtor's response to Nationstar's interrogatories No. 36, which refuse to identify documents to be used at trial; and

(c) Debtor's responses to request for production of documents Nos. 7 & 8 (i.e. requesting documents that demonstrate the claims in the Complaint and documents that Debtor plans to use at trial) which refuse to produce documents to be used at trial.

In fact, none of the information in the Debtor's Second Discovery Responses provide information relating to the Debtor's Consolidated Claims for Relief (listed at ¶55 of the Complaint) against Nationstar or computation of the damages that is being sought by Debtor.

In addition, Debtor's Complaint is vague at ¶¶ 46-52 as to whether the "Second Claim for Relief" is against Nationstar as well as co-defendant Specialized Loan Servicing. Nationstar attempted to resolve the issue by a request for admissions (Nos. 4 & 5) but Debtor's Second Discovery Responses does not admit or deny the admission requests numbered "4" and "5".

In an effort to resolve this matter without court intervention, and in light of the above information, please proceed to respond to Nationstar's discovery demands by August 26, 2019. Failure to respond to the Nationstar's discovery demands will result in pursuit of remedies from the Bankruptcy Court.

Sincerely,

/s/ Cleo F. Sharaf-Green

Cleo F. Sharaf-Green, Esq.