UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

SEAN M. MURRAY,                                              CHAPTER 7

                                                             CASE NO. 17-44157
                          DEBTOR.

---

SEAN M. MURRAY,
                    *Plaintiff,*

                                                             ADV. PRO. CASE NO. 18-01141
        -against-
                                                             JUDGE: Hon. Elizabeth S. Stong
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES, SPECIALIZED LOAN
SERVICING, LLC AND NATIONSTAR
MORTGAGE LLC D/B/A MR COOPER, AS
SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE CORPORATION,

                    *Defendants.*

---

## REPLY OF SPECIALIZED LOAN SERVICING, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 7056, Specialized Loan Servicing, LLC ("SLS" or "Defendant"), by and through its attorneys, Shapiro, DiCaro & Barak, LLC, hereby submits this reply to the Plaintiff's Affidavit in Opposition to SLS' Motion for Summary Judgment (the "Opposition") received by counsel on April 17, 2020, and in further support of SLS' motion for summary judgment (the "MSJ") filed on November 11, 2019.

1.	As an initial matter, the Plaintiff's Opposition is not reflected on the docket. At the hearing which took place on February 24, 2020, the Court set a briefing schedule for the MSJ, which directed the Debtor file opposition to the MSJ by April 3, 2020.

2.	Below signed counsel consented to an extension of time to file the Opposition by two weeks, to April 17, 2020. A copy of the Opposition was received by counsel to SLS on April 17, 2020 via email, but does not seem to have been filed on the docket until April 23, 2020.

3.	The Debtor's Opposition makes several points.

4.	The Opposition alleges two deficiencies in the MSJ.

5.	The Opposition asserts that there are factual issues to determine, without actually stating what those issues are.

6.	In the Opposition, the Debtor attempts to portray SLS as unaware or unwilling to accept that the Property in this instant case is a cooperative apartment.

7.	The MSJ very clearly sets forth that the Property is a cooperative apartment. The representation by the Debtor that he has repeatedly attempted to correct alleged "misrepresentations" by counsel to SLS is neither true nor legally relevant.

8.	The Debtor attempts to raise two new issues not addressed at all in the Complaint, namely RegX allegations and the allegation of predatory lending.

9.	The Debtor's Complaint does not mention RegX violations, nor does it contain allegations of predatory lending.

10.	The Debtor makes allegations regarding alleged deficiencies with respect to the "conditions precedent" to commencement of foreclosure proceedings, but an

alleged deficiency of the Foreclosure Action should properly be raised in state court, and is unrelated to the allegations in the Complaint.

11. None of these items in any way refute any portion of the MSJ, and instead constitute an attempt to raise entirely new issues at this late stage.

12. The Debtor makes a general assertion that the MSJ contains facts not supported by admissible evidence, without actually indicating what facts those are.

13. The Debtor then discusses the issue of standing, challenging our position as a holder of the Note, but failing to acknowledge that counsel has had original copies of the note and mortgage in hand in court on multiple occasions, and has indicated an intent to present the original loan documents for the Court's review at the return date of the MSJ.

14. The Objection attempts to respond to the case law cited to by SLS in the MSJ concerning the inapplicability of the Debtor's attempt to use the Trustee's strong arm powers to avoid the lien, but the only response the Debtor can muster is to reiterate the assertion that the lien is unperfected.

## DISCUSSION

15. As a preliminary matter, the Opposition alleges a procedural deficiency in the MSJ to include a "separate statement of material facts as to which the moving party contends there is no genuine issue to be tried" pursuant to Fed. R. Bankr. P. 7056-1(c).

16. Below signed counsel was unable to find Fed. R. Bankr. P. 7056-1(c). Upon information and belief, the Debtor is referring to Local Bankruptcy Rule 7056-1.

17. As set forth in the MSJ, SLS believes that the MSJ can be decided entirely on the law. However, based on a renewed reading of the Local Bankruptcy Rule 7056-1(c), a separate statement of undisputed material facts is annexed hereto as **Exhibit "A"**.

18. Second, the Debtor's Opposition points out a typo in the MSJ filed by SLS.

19. Below signed counsel has a typo in the signature block that reads: "Attorneys for Nationstar Mortgage LLC as Servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Home Equity Loan Trust 2007-FRE1."

20. This was an inadvertent typo, should simply have read "Attorneys for Specialized Loan Servicing, LLC".

*Alleged Predatory Lending and RESPA Violations*

21. The Debtor devotes a significant portion of the Opposition to setting forth entirely new claims.

22. The Debtor alleges RESPA violations, which allegation was not found in the Complaint.

23. The Debtor also alleges that the loan was the result of predatory lending, and may therefore be unenforceable, which allegation was also not in the Complaint.

24. The Court should not consider new claims or completely new theories of liability asserted for the first time in opposition to summary judgment. *See, e.g., Casseus v. Verizon N.Y., Inc.*, 722 F.Supp 2d 326, 344 (E.D.N.Y. 2010); *Lyman v. CSX Transp., Inc.,* 364 Fed.Appx. 699, 701–02 (2d Cir. 2010) (refusing to consider claims raised for the first time in opposition to summary judgment); *Brandon v. City of N.Y.,* 705 F.Supp.2d 261, 278 (S.D.N.Y.2010) ("It is black letter law that a party may not raise

new claims for the first time in opposition to summary judgment."); *Heletsi v. Lufthansa German Airlines, Inc.* 2001 WL 1646518, at *1 n. 1 (E.D.N.Y. Dec. 18, 2001) ("A party cannot amend their complaint simply by alleging new facts and theories in their memoranda opposing summary judgment.").

25. The RESPA allegations and the predatory lending allegations should be ignored by the Court in their entirety.

*Objection Under Fed. R. Civ. P. 56*

26. The Opposition contains an "objection under Rule 56," but the only issue raised is SLS' standing.

27. In order to survive a summary judgment motion, the Debtor needs to create more than a "'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. Cnty. of Erie,* 692 F.3d 22, 30 (2d Cir.2012) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986)).

28. The Debtor "cannot rely on the mere allegations or denials contained in the pleadings," *Walker v. City of New York,* 2014 WL 1244778, at *5 (S.D.N.Y. Mar. 26, 2014).

*Standing*

29. As carefully set forth in the MSJ, SLS is a secured creditor of the Debtor, pursuant to a note executed by the Debtor on March 20, 2008 (the "Note") with HSBC Mortgage Corporation (USA) ("HSBC").

30. Contemporaneously, the Debtor executed a Security Agreement encumbering the Property, a Proprietary Lease, and Assignment of Proprietary Lease.

31. Copies of the Note, the Security Agreement, Proprietary Lease, Assignment of Stock Certificate and the UCC financing statement are annexed to the MSJ.

32. The Loan was subsequently assigned from HSBC to Nationstar Mortgage LLC by a UCC Financing Statement Amendment recorded on December 15, 2016 and reflected as CRFN 2016000444774.

33. The Loan was subsequently assigned from Nationstar to SLS by a UCC Financing Statement Amendment recorded on February 7, 2018 and reflected as CRFN 2018000045046.

34. The Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on August 10, 2017.

35. At the time of the filing of the petition, the Loan was held by Nationstar.

36. The Loan has been transferred to SLS, and the transfer of the loan is not only reflected in the chain of title, but also by the physical possession of the original Note by SLS, who has provided the Note to counsel.

37. The original wet ink signature Note is in the possession of counsel to SLS, and will be made available to the Court for in camera review at the earliest opportunity.

38. Under New York law, possession of the original Note is sufficient to establish standing even where there is an alleged defect in the chain of title. *Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 12 N.Y.S.3d 612, 34 N.E.3d 363 (2015).

39. The Second Circuit has acknowledged this, finding that "[f]ollowing *Aurora*, New York courts have repeatedly held that proof of physical possession . . . is sufficient on its own to prove a plaintiff's standing to foreclose on the

mortgage associated with the note." *OneWest Ban, N.A. v. Melina*, 827 F.3d 214 (2d Cir. 2016). The Second Circuit found in *Melina* that the secured creditor was not obligated to provide details pertaining to the transfer of the note in order to establish standing.

40. Here, SLS has established a complete chain of title <u>and</u> has in hand possession of the original Note.

41. Under New York law, it is clear that SLS has established its standing as a matter of law, and there is no genuine issue of material fact that would justify a trial on this issue.

*Perfection of the Lien*

42. The Debtor asserts in the Opposition that SLS' lien is unperfected.

43. The parties agree that there was a typo on the UCC financing statement.

44. The tenants corporation is listed as "235-21 79 St Corp" in the description in Section 4 of the financing statement when it should be listed as "35-21 79 St Tenants Corp".

45. The Debtor attempts to portray this minor typo as an error that renders the financing statement "seriously misleading," but this assertion is merely an assertion of the Debtor's desired conclusion, and is not based on an analysis of the law.

46. In the MSJ, SLS took great care to define the term "seriously misleading" and to provide similar minor typos that were not found by New York Courts to be seriously misleading.

47. The typo is in the "description" section of the financing statement and does not in any way affect the indexing of the financing statement itself, and would not

prevent any party searching the records from obtaining notice of the financing statement or the lien.

48. Since the Debtor does not in any way refute the legal basis for SLS' assertion that the typo in the financing statement is a minor error, SLS contends that the Debtor has not established a triable issue of fact that should survive the MSJ.

*Strongarm Provisions*

49. In the MSJ, SLS undertook a careful review of the cases cited to by the Debtor in support for the position that the Debtor has the ability to set aside the Loan for his own benefit.

50. SLS showed that in each of the cases cited by the Debtor, the Court ruled against the scheme advanced by the Debtor.

51. SLS also pointed to a published decision by Judge Grossman that contained helpful discussion on the issue, and found that the applicable provisions do not apply to a voluntary lien.

52. The Loan is certainly voluntary.

53. The Debtor's sole response is to assert that the cases cited by SLS are different because of the assertion that the Loan in this case is unperfected.

54. SLS strongly contests this conclusion of law, provision as discussed above, and asserts that the Loan is validly perfected.

55. The Debtor fails to acknowledge that none of the cases cited in the Complaint to support the strong arm provision actually say what the Debtor represents them to say.

56. The Debtor does not challenge the assertion that the Loan is a voluntary loan.

*Sanctions Violations*

57. The Opposition is silent with respect to the representation that the portions of the Complaint that allege sanctions for the actions surrounding the alleged stay violations have settled.

58. In addition, redacted copies of the settlement agreement referenced in the MSJ have been filed in both the adversary proceeding and in the underling bankruptcy case.

59. SLS contends that this portion of the MSJ should be considered uncontested, and granted by the Court.

## **CONCLUSION**

60. The Debtor's Opposition raises numerous new allegations that are unrelated to the allegations in the complaint, and which should be disregarded in their entirety.

61. The Debtor's opposition on the issue of the perfection of SLS' lien is based on a conclusory assertion, and which is unsupported by an analysis of the facts or by any application of relevant case law.

62. An objective review of relevant case law compels the conclusion that the typo does not invalidate the perfection of SLS' lien.

63. The Debtor's assertion about the Trustee's strong arm powers merely attempts to differentiate the cases cited by SLS by asserting the Loan has not been perfected.

64. Finally, the Debtor challenges SLS standing based on the representation that there are deficiencies in the assignments.

65. SLS contests that it can show a valid chain of title, but that under New York law, even with a defect in the chain of title, possession of the original Note is sufficient to establish standing, and counsel to SLS has in hand possession of the Note, and has expressed an intent to present the original Note for the Court's review at the earliest convenience.

**WHEREFORE**, SLS respectfully requests that the Court grant Defendant's Motion for Summary Judgment with respect to all claims raised in the Complaint.

Dated: April 28, 2020
      Melville, New York        Respectfully submitted,

                                      /s/ Robert W. Griswold
                                      Robert W. Griswold
                                      Bankruptcy Attorney
                                      Shapiro, DiCaro & Barak, LLC
                                      Attorneys for Specialized Loan Servicing, LLC
                                      One Huntington Quadrangle, Suite 3N05
                                      Melville, NY  11747
                                      Telephone: (631) 844-9611
                                      Fax: (631) 844-9525

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

| | |
|---|---|
| SEAN M. MURRAY, | CHAPTER 7 |
| | CASE NO. 17-44157 |
| DEBTOR. | |

| | |
|---|---|
| SEAN M. MURRAY, | |
| *Plaintiff,* | |
| | ADV. PRO. CASE NO. 18-01141 |
| -against- | |
| | JUDGE: Hon. Elizabeth S. Stong |
| JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| *Defendants.* | |

## **STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1. Sean M. Murray (the "Debtor" or the "Plaintiff"), is the owner of 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372 (the "Property").

2. The Debtor voluntarily executed a note executed by the Debtor on March 20, 2008 (the "Note") with HSBC Mortgage Corporation (USA) ("HSBC").

3. The Debtor voluntarily executed a Security Agreement with respect to the Property, a Proprietary Lease, and Assignment of Proprietary Lease.

4.	True and accurate copies of the Note, the Security Agreement, Proprietary Lease, Assignment of Stock Certificate and the UCC financing statement are annexed to the MSJ.

5.	The proper name of the tenants corporation is "35-21 79 St Tenants Corp".

6.	The UCC financing statement lists the correct Debtor's Name, the correct secured party, and is recorded on the correct parcel, and properly describes the property address in the description.

7.	The tenants corporation is listed as "235-21 79 St Corp" in the description in Section 4 of the financing statement.

8.	A UCC Financing Statement Amendment was recorded on December 15, 2016 and reflected as CRFN 2016000444774 purporting to assign the Loan from HSBC to Nationstar Mortgage LLC ("Nationstar").

9.	A UCC Financing Statement Amendment was recorded on February 7, 2018 and reflected as CRFN 2018000045046 purporting to assign the Loan from Nationstar to SLS.

10.	The Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on August 10, 2017.

11.	The Debtor settled the outstanding matters related to the Contempt Motion against SLS in October 2018 (the "Settlement Agreement").

12. A redacted copy of the Settlement Agreement is attached to the Notice of Proposed Stipulation, ECF Number 114 in the underlying bankruptcy case.

**WHEREFORE**, SLS respectfully requests that the Court grant Defendant's Motion for Summary Judgment with respect to all claims raised in the Complaint.

Dated: April __, 2020
      Merrick, New York

Respectfully submitted,

/s/ Robert W. Griswold
Robert W. Griswold
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

| | |
|---|---|
| SEAN M. MURRAY, | CHAPTER 7 |
| | CASE NO. 17-44157 |
| DEBTOR. | |

| | |
|---|---|
| SEAN M. MURRAY, | |
| *Plaintiff,* | |
| | ADV. PRO. CASE NO. 18-01141 |
| -against- | |
| | JUDGE: Hon. Elizabeth S. Stong |
| JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| *Defendants.* | |

## **CERTIFICATE OF SERVICE BY MAIL**

I, Michael J. Chatwin, say, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

18-069932          14

On April 28, 2020 I served the within Reply of Specialized Loan Servicing, LLC in Support of Motion for Summary Judgment upon:

TO:    Debtor Appearing Pro Se
Sean M. Murray
P.O. Box 1110
Attn: 2544
Albany, NY 12201-1110

Cleo F. Sharaf
Ras Boriskin
900 Merchants Concourse
Westbury, NY 11590

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official

depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: April 28, 2020 /s/ Michael J. Chatwin
Michael J. Chatwin
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Specialized Loan Servicing, LLC
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380