UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

SEAN M. MURRAY,

DEBTOR.

CHAPTER 7

CASE NO. 17-44157

SEAN M. MURRAY,

*Plaintiff,*

-against-

JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION,

*Defendants.*

ADV. PRO. CASE NO. 18-01141

JUDGE: Hon. Elizabeth S. Stong

**AFFIDAVIT OF POSSESSION**

STATE OF NEW YORK )
)ss:
COUNTY OF NASSAU )

I, Robert W. Griswold, declare under penalty of perjury as follows:

1. I am a Bankruptcy Attorney at Shapiro, DiCaro & Barak, LLC ("SDB"), and am authorized to sign this Affidavit on behalf of SDB. This affidavit is provided in support of the Motion for Summary Judgment filed by Specialized Loan Servicing, LLC ("SLS" or "Defendant") on November 11, 2019 (the "MSJ").

2. SLS is a secured creditor of Sean M. Murray (the "Debtor" or the "Plaintiff"), pursuant to a note executed by the Debtor on March 20, 2008 (the "Note") with HSBC Mortgage

Corporation (USA) ("HSBC"). Contemporaneously, the Debtor executed a Security Agreement encumbering real property located at 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372 (the "Property"), a Proprietary Lease, and Assignment of Proprietary Lease (collectively referred to as the "Loan").

3. In the MSJ, SLS contends to have in person possession of the original Note, endorsed in blank. SLS expressed an intent to have the original Note in hand in court on the return date of the MSJ for in camera inspection.

4. The MSJ was filed in November 2019, well before the current coronavirus outbreak which has lead to the suspension of in person court appearances.

5. This affidavit is attesting to the in hand possession of the original Note, along with other collateral documents, at SDB's office.

6. As a law firm representing secured creditors, SDB maintains up-to-date records concerning the cases it handles in its electronic record-keeping system. SDB is a business and maintains records in the course of its regularly conducted business activities and the records are made at or near the time of the event by or from information transmitted by a person with personal knowledge of the event. It is SDB's regular practice to keep such records in the ordinary course of a regularly conducted business activity.

7. I have access to SDB's business records, including the business records for and relating to the adversary proceeding filed by the Debtor. I sign this Affidavit based upon my review of those records relating to the Loan and from my own personal knowledge of how SDB's business records are kept and maintained.

8. In my practice as Bankruptcy Attorney, I handle litigated matters on a daily basis. As a component of this, I regularly need to review loan documents.

9. Subsequent to the filing of the Adversary Proceeding, I asked for the original collateral file to be provided to the firm in connection with proceeding with the MSJ.

10. The collateral filed was shipped by SLS to SDB at my attention on Wednesday, July 17, 2019, sent via UPS overnight with tracking number 1ZF6653Y0191248189.

11. SDB's business records, and my recollection, confirm that the original collateral file was received by SDB on July 18, 2019, and has been placed in the fireproof safe.

12. I have personally reviewed the original collateral file, including the Note, in preparation for the filing of the MSJ.

13. A true and accurate copy of the Note is annexed hereto as **Exhibit "A"**. The attached scan was completed by SDB from the original, which remains in SDB's possession as of the execution of this affidavit.

14. The original note has been endorsed in blank, and is being held by SDB on behalf of SLS, and has remained in SDB's possession since its receipt on July 18, 2019. The Original Note is currently stored at SDB's Long Island office, located at Shapiro, DiCaro & Barak, LLC, One Huntington Quadrangle, Suite 3N05, Melville, NY 11747.

Name: Robert W. Griswold

/s/ Robert W. Griswold
Title: Bankruptcy Attorney
Address: Shapiro, DiCaro & Barak, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

# Exhibit "A"

# NOTE

(1)

March 20, 2008 [Date] | FOREST HILLS [City] | NEW YORK [State]

35-21 79TH STREET, Unit 4E, JACKSON HEIGHTS, NY 11372

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 195,600.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is HSBC Mortgage Corporation (USA)

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.8750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on May 01, 2008. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 01, 2038, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 2929 WALDEN AVENUE, DEPEW, NY 14043 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,157.05.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the ote Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as his Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this ote. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full f all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

VITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

______________________ (Seal) -Borrower
EAN MURRAY

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

______________________ (Seal) -Borrower

Pay to the order of, without recourse

______________________

HSBC MORTGAGE CORPORATION (USA)

By: ______________________
Nilda Feliz, V.P. Secondary Marketing

*[Sign Original Only]*

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

SEAN M. MURRAY,

DEBTOR.

CHAPTER 7

CASE NO. 17-44157

SEAN M. MURRAY,

*Plaintiff,*

-against-

JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION,

*Defendants.*

ADV. PRO. CASE NO. 18-01141

JUDGE: Hon. Elizabeth S. Stong

## AFFIRMATION OF SERVICE

I, Michael J. Chatwin, say, under penalty of perjury, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

On May 26, 2020 I served the within Affidavit of Possession upon:

TO: Debtor Appearing Pro Se
Sean M. Murray
P.O. Box 1110
Attn: 2544
Albany, NY 12201-1110

Cleo F. Sharaf
Ras Boriskin
900 Merchants Concourse
Westbury, NY 11590

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: May 26, 2020

/s/ Michael J. Chatwin

Michael J. Chatwin
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Specialized Loan Servicing, LLC
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380