UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
IN RE:

| | |
|---|---|
| SEAN M. MURRAY,<br><br>　　　　　　　DEBTOR. | CHAPTER 7<br><br>CASE NO. 17-44157 |
| SEAN M. MURRAY,<br>　　　　　　　*Plaintiff,*<br>-against-<br>JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION,<br>　　　　　　　*Defendants.* | ADV. PRO. CASE NO. 18-01141<br><br>JUDGE: Hon. Elizabeth S. Stong |

## REPLY OF SPECIALIZED LOAN SERVICING, LLC IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 7056, Specialized Loan Servicing, LLC ("SLS" or "Defendant"), by and through its attorneys, Shapiro, DiCaro & Barak, LLC, hereby submits this reply to the Plaintiff's Supplemental Affirmation in Opposition to Summary Judgment (the "Supplemental Opposition") filed by the Debtor on July 1, 2020, and in further support of SLS' motion for summary judgment (the "MSJ") filed on November 11, 2019.

　　　　1.　　　The Debtor filed the Complaint on December 21, 2018.

2. SLS filed an answer January 22, 2019.

3. On November 11, 2019, SLS filed the MSJ, returnable December 2, 2019.

4. At the hearing on the MSJ which took place on February 24, 2020, the Court set a briefing schedule for the MSJ, providing the Debtor was to file opposition by April 3, 2020, and SLS was permitted to file a reply by April 24, 2020.

5. Counsel to SLS consented to a two week extension of the Debtor's opposition to April 17, 2020. The Debtor's Opposition was emailed to below signed counsel on April 17, 2020, and was filed on April 23, 2020.

6. SLS replied to the Debtor's Opposition on April 28, 2020 (the "Reply" or "SLS' Reply").

7. In the Reply, SLS pointed out the following deficiencies in the Debtor's Reply:

   a. The Debtor improperly raised new issues in opposition to summary judgment, namely allegations of violations of RegX, procedural defects in the commencement of the foreclosure action and allegations of predatory lending.

   b. The Debtor's Opposition alleges there are factual issues without actually stating what they are.

8. A hearing was held on the MSJ on June 2, 2020. At that time, the Court permitted the Debtor the opportunity to file a supplemental opposition to the MSJ by June 30, 2020.

9. On July 1, 2020, the Debtor filed the Supplemental Opposition.

10. The instant Supplemental Reply is SLS' response to the Supplemental Opposition.

11. The Supplemental Opposition is divided into two parts.

12. First, the Debtor includes what appear to be discovery responses to SLS' Statement of Uncontested Facts, which was attached to SLS' Reply in compliance with LBR 7056-1.

13. Second, the Debtor provides Supplemental Opposition to the MSJ.

14. SLS will address each section of the Supplemental Opposition in turn.

### The Statement of Uncontested Facts is Not a Discovery Request

15. The Statement of Uncontested Facts is not a discovery request.

16. The Debtor disputes each and every one of the facts in SLS' Statement of Uncontested Facts, seemingly treating the statement as a discovery request.

17. The Debtor purports to dispute the assertion that the Debtor owns the apartment based on a distinction regarding the structure of cooperative ownership that is not contested by SLS and has been explicitly acknowledged by SLS numerous times.

18. The Debtor actually disputes the assertion that he settled the contempt motion with SLS (the "Stay Violations Matter"), despite his signed settlement agreement being of record.

19. The Debtor goes so far as to dispute the assertion that a redacted copy of the Settlement Agreement was filed in the underlying bankruptcy case.

20. Not a single one of the alleged disputes to the uncontested facts is relevant to the actual underlying issues of the MSJ.

## The Supplemental Opposition to the MSJ

*The Alleged Stay Violations Have Settled with respect to SLS*

21.     The Debtor opens his Supplemental Opposition with the assertion that Nationstar and SLS have violated the automatic stay.

22.     The Debtor has flip flopped on this issue numerous times, seemingly unwilling to take a concrete position.

23.     The Debtor settled the alleged stay violations against SLS, and a redacted copy of the Settlement Agreement is on the record.

24.     SLS initially was of the understanding that the portions of the complaint alleging stay violations were solely against Nationstar, and not against SLS, but the Debtor has contradicted this position on the record on several occasions, and is now apparently setting it forth outright.

25.     The Debtor settled the Stay Violations Matter with SLS, and on the basis of the Settlement Agreement alone, the Court should grant the MSJ with respect to stay violation allegations against SLS.

*The Loan is Perfected*

26.     The Debtor's discussion with respect to the perfection of SLS' Loan in the Supplemental Opposition mirrors the discussion found in the initial Opposition.

27.     It contains conclusions of law couched as facts, and contains no substantive discussion of the relevant legal issues.

28.     SLS contests that the primary issue in this case is the perfection of the Loan.

29. Under New York Law, the filing of a UCC-1 Financing Agreement is sufficient to perfect a lien against a cooperative apartment.

30. Section 9–402(8) of the UCC provides that "[a] financing statement substantially complying with the requirements of this section is effective <u>even though it contains minor errors which are not seriously misleading</u>". U.C.C. § 9-402(8) (*emphasis added*).

31. Case law in New York sets forth a test for whether a particular error is a "minor error that is not seriously misleading", which is whether a reasonably diligent searcher would be likely to discover the financing agreement.

32. The Second Circuit found in a case where the name of a debtor on the financing agreement was entered as "Excel Department Stores" instead of "Excel Stores, Inc." that this error was not enough to render the financing statement in that case seriously misleading. *See In re Excel Stores, Inc.*, 341 F.2d 961 (2d Cir. 1965)

33. In that case, the error in the financing statement was not only a more significant error, but it was an error in the name of the Debtor, which is a field directly related to the indexing of the loan. Yet the Second Circuit found that the error did not invalidate the perfection of the lien.

34. In response, the Debtor makes no assertion of what he asserts the proper standard is, nor why he believes the typo in the instant case invalidates SLS' perfection.

35. He asserts that counsel to SLS is "conflating the indexing of county records with enforceability" despite the fact that the indexing of the county records is directly tied to the applicable standard for perfection.

36. As long as a reasonably diligent searcher would have found the UCC1 Financing Statement in the instant case, then SLS' lien is perfected.

37. Since the typo the Debtor complains of is merely in the description, and is not directly tied to the indexing of the financing statement, SLS contends that as a matter of law this typo does not render the financing statement "seriously misleading".

38. This is the case made by SLS in the MSJ itself back in November. Nothing in the Opposition or the Supplemental Opposition actually challenges SLS on the legal standard, nor on how the relevant facts apply to the legal standard.

39. The Debtor in the Supplemental Opposition merely states that because he maintains that the lien is unenforceable, this is a refutation of SLS' position. See Supplemental Opposition, ¶ 17.

*The Debtor Fails to Meaningfully Rebut Any Portion of the MSJ*

40. The Debtor similarly doubles down on the new allegations raised in the Opposition, while ignoring SLS' supported assertion that opposition to summary judgment is not the place to raise new factual arguments and claims not raised in the complaint.

41. In paragraph 19, the Debtor simply states that he disagrees with SLS' conclusions, again without supporting why he disagrees, or how SLS is incorrect.

42. The Debtor cites to an alleged banking complaint against Nationstar, which is entirely irrelevant to the issues in the instant MSJ.

43. The Debtor makes allegations with respect to the payoff check, which was short of a full reinstatement amount and was returned to the Debtor.

44. The Debtor makes even further new allegations, this time of identity theft. These allegations are not even set forth in the body of the Supplemental Opposition, but are allegedly included in Exhibits H-J.

45. Finally, the Debtor insists that there is additional discovery needed with respect to the new allegations of identity theft.

46. SLS contends that there are no outstanding factual disputes with respect to the MSJ.

47. As set forth in the MSJ, the Reply and this Supplemental Reply, the only outstanding relevant disputes are with respect to issues of law.

48. If the Loan was perfected, then the Debtor's challenge to standing and the Debtor's attempt to use the strongarm powers clearly fail as a matter of law.

49. The new allegations raised by the Debtor in the Opposition and the other new allegations raised by the Debtor in the Supplemental Opposition have no place in the MSJ, should not be the basis of further discovery, and certainly should not be considered by the Court with respect to the MSJ.

## CONCLUSION

50. The Debtor's Supplemental Opposition fails to meaningfully rebut the *prima facie* case for summary judgment set forth in the MSJ.

51. Instead, the Debtor relies on raising numerous new allegations and blanket unsupported denials of the conclusions of law set forth by SLS.

52. The Debtor's Supplemental Opposition on the issue of the perfection of SLS' lien is based on a conclusory assertion, and which is unsupported by an analysis of the facts or by any application of relevant case law.

53.  An objective review of relevant case law compels the conclusion that the typo does not invalidate the perfection of SLS' lien.

**WHEREFORE**, SLS respectfully requests that the Court grant Defendant's Motion for Summary Judgment with respect to all claims raised in the Complaint.

Dated: July 21, 2020
Melville, New York

Respectfully submitted,

/s/ Robert W. Griswold
Robert W. Griswold
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
IN RE:

| | |
|---|---|
| SEAN M. MURRAY, | CHAPTER 7 |
| | CASE NO. 17-44157 |
| DEBTOR. | |

| | |
|---|---|
| SEAN M. MURRAY, | |
| *Plaintiff,* | |
| | ADV. PRO. CASE NO. 18-01141 |
| -against- | |
| | JUDGE: Hon. Elizabeth S. Stong |
| JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| *Defendants.* | |

## AFFIDAVIT OF SERVICE BY MAIL

I, Stephanie Pacos, say, I am not a party to this action; I am over 18 years of age, I reside in Nassau County, New York.

18-069932                                             9

On July 21, 2020 I served the within Reply of Specialized Loan Servicing, LLC in Further Support of Motion for Summary Judgment upon:

TO:    Debtor Appearing Pro Se
Sean M. Murray
P.O. Box 1110
Attn: 2544
Albany, NY 12201-1110

Cleo F. Sharaf
Ras Boriskin
900 Merchants Concourse
Westbury, NY 11590

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554


U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014




at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official

18-069932                                                    10

depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: July 21, 2020

*Stephanie Pacos*

Stephanie Pacos
Bankruptcy Paralegal and Team Lead
Shapiro, DiCaro & Barak, LLC
Attorneys for Specialized Loan Servicing, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

Sworn to before me this
21st day of July, 2020

_____
Notary Public

BARBARA DUNLEAVY
Notary Public, State of New York
No. 02DU6238455
Qualified in Suffolk County
Commission Expires April 18, 2015  may 10, 2023

18-069932                                11