```
                     UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF NEW YORK
-------------------------------X
In Re the Matter of:           :
                               :
SEAN M. MURRAY                 :    1-18-01141-ess (adv.)
                               :       17-44157 (main)
     v.                        :
                               :
JOHN and JANE DOE              :    December 3, 2020
CORPORATIONS and ENTITIES,     :    Brooklyn, NY  11201
et al.                         :
-------------------------------X
```

  [1, 2] ADJOURNED PRE-TRIAL CONFERENCE RE: COMPLAINT ADJOURNED
  FROM 2/11/19 3/11/19 4/10/19 7/22/19 9/23/19 12/2/19 2/24/20
  5/4/20 6/2/20 7/29/20 8/12/20 10/20/20   [28] ADJOURNED MOTION
  FOR SUMMARY JUDGMENT FILED BY ROBERT W. GRISWOLD ON BEHALF OF
  SPECIALIZED LOAN SERVICING, LLC. ADJOURNED FROM 12/2/19 2/24/20
  5/4/2020 6/2/20 7/29/20 8/12/20 10/20/20, BEFORE THE HONORABLE
       ELIZABETH S. STONG, UNITED STATES BANKRUPTCY JUDGE.


APPEARANCES:

```
For Nationstar:          KEVIN R. TOOLE, ESQ.
Mortgage LLC d/b/a       c/o RAS Boriskin
Mr. Cooper, as Servicing 900 Merchants Concourse
Agents for Federal Home  Westbury, NY  11590
Loan Mortgage Corp.,
Defendant


For Specialized Loan:    SHAPIRO, DICARO & BARAK, LLC
Servicing, LLC,          BY:  ROBERT W. GRISWOLD, ESQ.
Defendant:               One Huntington Quadrangle
                         Suite 3N05
                         Melville, NY  11747

Court Transcriber:       ADL Transcription Services, Inc.
                         24 Crossway Drive
                         Deer Park, New York 11729
                         (631) 277-7900
```

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

1  THE CLERK:  Calling Matters 48 and 49 on the calendar
2  in adversary 18-1141 for the case of Sean Murray.  On the line
3  should be Sean Murray, Kevin Toole for Nationstar and Robert
4  Griswold for Specialized Loan Servicing.
5  THE COURT:  All right.  Well, thank you again. Let's
6  get your appearances on the record, please, the Debtor and
7  Plaintiff, Mr. Murray?
8  MR. MURRAY:  Yes, Your Honor.  Good afternoon.  Sean
9  Murray here.
10  THE COURT:  Thank you.  And Mr. Toole for Nationstar?
11  MR. TOOLE:  Good afternoon, Your Honor.  Kevin Toole,
12  Ras Boriskin on behalf of Nationstar, one of the Defendants.
13  THE COURT:  All right, and for Specialized Loan
14  Serving?
15  MR. GRISWOLD:  Good afternoon, Your Honor.  Robert
16  Griswold, Shapiro DiCaro and Barak on behalf of Specialized
17  Loan Servicing.
18  THE COURT:  All right.  Thank you, all.
19  We have two matters on the calendar today, the
20  pre-trial conference in this adversary proceeding and the --
21  hearing the motion for summary judgment, which we've continued
22  to carry from time to time, and I always say a version of the
23  same thing, which is I'm very close to issuing a decision and I
24  can tell you that that remains the case.
25  As I've been preparing to issue a decision, I have --

1  I do have one question, having to do with the consent of
2  Specialized Loan Servicing to this Court entering a final
3  judgement of order.
4          Mr. Murray has separately confirmed on the record at a
5  prior hearing, his consent to that, and I simply cannot tell to
6  be sure whether that has similarly been confirmed by SLS, but
7  in order to avoid a technical gap in the record, I wanted to
8  raise that question, and also to ask the question I always ask,
9  is there anything that would be helpful for the Court to know
10 or for the Court to do to assist the parties in moving this
11 matter forward.
12         So, those are the matters on my mind, and if we have
13 our continued hearing and pre-trial conference, Mr. Murray,
14 you're the Plaintiff.  Let me hear from you.
15         MR. MURRAY:  Yes, Your Honor.  Sean Murray here.  I'm
16 sorry?
17         THE COURT:  Have there been any developments or
18 changes in the case since our last hearing?  I don't think so,
19 but I always like to ask.
20         MR. MURRAY:  I just would take a minute to make
21 reference to the docket entry that is most recent on the
22 docket, Number 48, which was my affidavit and supplemental
23 opposition which was -- with regard to correspondence I had
24 received from Mr. Cooper, Nationstar which I detailed in the
25 affidavit, what I felt the relevance of that correspondence was

1  to the disposition of the motion for summary judgment and the
2  ongoing issue of the [inaudible] between the parties or the
3  extent to which, which party is in what capacity.
4      But other than that, no.
5      THE COURT:  I do see that and actually reviewed it
6  shortly before this hearing.  Again, Number 48 on the docket
7  filed just about two weeks ago, November 19th.
8      All right, Mr. Murray, thank you.  Same question, I
9  guess, for Mr. Toole?  Nationstar Mortgage?  Not a movant, but
10 a defendant.
11     MR. TOOLE:  Yes, Your Honor.  This is Kevin Toole.  I
12 have nothing to add at this point.  All along we have been
13 waiting and we'll see what the Court's disposition on the SLS
14 motion is and then evaluate and proceed accordingly.
15     THE COURT:  All right, thank you, and Mr. Griswold for
16 SLS?
17     MR. GRISWOLD:  Okay.  So, I guess it's two points.
18 With respect to the first issue that you had raised about our
19 consent  to a final judgment, the Court is talking about a
20 judgment on our motion for summary judgment; correct?
21     THE COURT:  Well, in a general way, whether you can --
22 yes, in the near term, but in a general way, that is a matter
23 that when there is a motion pending before the Court, it's not
24 -- it's far from [inaudible] that consent is required, because
25 it may well be that this is within the Court's subject matter

1  jurisdiction referred from the District Court as explained by
2  the Supreme Court in the Wellness Case and in other cases. It
3  just has become a practice of mine when there's a matter to be
4  decided to confirm that consent, or to ask about the consent.
5            And as I studied the record, to see where we were on
6  that. I did see that we had a response from Mr. Murray, but I
7  had not noted a response either way from SLS, so I wanted to
8  close the lid on that.
9            MR. GRISWOLD: Yes, certainly. And, Your Honor, we do
10 believe the Court has jurisdiction on both of the issues that
11 are presented in the complaint. We certainly wouldn't
12 challenge that, and we would consent to the Court issuing a
13 role in this, and really to deciding this matter going forward.
14           THE COURT: Okay, well, again, in the docket, it
15 [inaudible] consent to the entry of the final judgment by the
16 Bankruptcy Court in this adversary proceeding.
17           Is there anything else that would be helpful to the
18 Court to know as I've been working hard on your -- on the
19 matters here. I -- you know, remind me, if there's any
20 prospect for a resolution, and of course, there have been some
21 settlement pieces of the picture here. Not of course, the big
22 pieces. That's what's last. But if there's anything that's
23 helpful for the Court to know, helpful for the Court to do,
24 that's why I asked the question.
25           MR. GRISWOLD: The only other issue I would have, and

1  we didn't issue any type of formal response.  We had certainly
2  reviewed the Debtor's most recent filing, that as you had
3  mentioned, was made about two weeks ago.
4         It was our understanding that the matter was,
5  essentially fully briefed, but in as much as the Court is going
6  to look at that correspondence from Nationstar that was
7  attached to the Debtor's pleadings, I would just note that
8  based on -- and just to clarify for the record, I don't
9  represent Nationstar.  We represent -- Nationstar is the prior
10 servicer, but it looked, from my review, of that communication
11 from Nationstar, it looked like it was a response to an inquiry
12 that Nationstar had received.  I personally believe that the
13 language that the Debtor was referring to about being the
14 servicer on the loan, I believe that that was probably form
15 language, kind of like a boiler plate addition to a letter that
16 needed to be included for legal reasons.
17        And so, I don't think that that's any type of
18 affirmative assertion by Nationstar that they're current
19 servicer on the loan, and considering we have counsel for
20 Nationstar here today, I'm sure he could confirm that.
21        MR. TOOLE:  Yes, Your Honor.  This is Kevin Toole.  I
22 agree with Mr. Griswold's analysis.
23        The correspondence attached to the Plaintiff's filing,
24 I understand, relates to the non-judicial, non-administrative
25 mailing or document that the Plaintiff had sent out to

1  enumerable parties relating to this loan, and which I think had
2  been touched on in prior appearances before Your Honor.
3           So, yes, it is a generated response saying
4  essentially, we received your communication and we're looking
5  at a type of response that is, you know, typically generated.
6  The Debtor has acknowledged, Debtor/Plaintiff, has acknowledged
7  that he has not commenced any other proceeding, judicial or
8  administrative based upon that document, that correspondence,
9  or notice, whatever it might be called, and yes.
10          It's not, what we sent or what my client sent, was
11 not a statement or acknowledgment that we -- that Nationstar
12 was now, again, the servicer.  The servicer remains, as far as
13 we're aware, with SLS.
14          THE COURT:  Okay.  All right.  Anything further,
15 anybody?
16          MR. MURRAY:  Yes.  If I may, Your Honor?  Sean Murray.
17          I was going to bring up -- and I meant to incorporate
18 this into the opposition, the supplemental opposition, but
19 repeatedly, prior to judicial proceedings, when I was in the
20 process of complaining to the various regulatory authorities
21 with respect to these court issues, the answers and responses,
22 which I would characterize as non-responses to most of the
23 regulatory requests for responses from these parties, were met
24 with -- and there's one consumer financial protection bureau
25 complaint that I'm thinking of, that I intended to reference,

1  but they were saying that they were -- pending the outcome of
2  the judicial reference in these proceedings, that they were
3  going to withhold any response.
4           They weren't going to respond to any of this, any of
5  my concerns or my allegations, and  so I meant to make
6  reference to that, where it seems to be a common response that
7  they're waiting for what the Court has to say about what's of
8  record, rather than trying to characterize the many issues that
9  I raise or inconsistencies or however you want to characterize
10 what has been referred to as typos and boiler-plate and other
11 characterizations to what, I would, say plainly speak for
12 themselves, the correspondences, which I think most parties
13 would come from some sort of plain meaning interpretation of
14 what's being written.
15          There wouldn't be anything outside of the four corners
16 of the document that you would look to, to kind of interpret
17 the intent or meaning of the words inside of it.
18          With that said, that was all I would add.  Thank you.
19          THE COURT:  All right, well thank you everybody.
20          We have on the calendar today the pre-trial conference
21 and [inaudible] hearing in the summary judgment motion.  I'm
22 going to close the record and reserve decision on that summary
23 judgment motion.
24          I note, also, and it will be noted in the docket that
25 SLS consents on the record to the entry of a final judgment by

1  the Bankruptcy Court in this adversary proceeding.

2  Just so that we have a clear path going forward, does
3  Nationstar, to the extent it becomes an issue in this case down
4  the road, does Nationstar similarly consent to this Court
5  entering a final judgment in this adversary proceeding?

6  MR. TOOLE: Your Honor, this is Kevin Toole from
7  Nationstar. Yes. At the end of the day, whether or not --
8  regardless of the Court's disposition on the SLS motion, if we
9  bring a summary judgment motion or this matter goes trial, we
10 consent to the Court's jurisdiction to enter a final decision
11 or judgment.

12 THE COURT: All right. That will be noted in the
13 docket as well.

14 Let's look for a continued hearing date, because if
15 the case is dismissed on SLS's motion, it will continue as to
16 Nationstar. If the case is not dismissed on SLS's motion, then
17 you've got work to do, and with respect to both Defendants, I'm
18 looking at my January 26th carrying date, when we have Chapter
19 7 and 13 matters.

20 We could also look into the first week of February,
21 maybe February 2nd, does that work? February 2nd at 10:30.

22 MR. MURRAY: That's good for me. This is Sean Murray.
23 THE COURT: Yes? Does that work for you, Mr. Murray?
24 MR. MURRAY: Yes, Your Honor. February 2nd, you said?
25 THE COURT: February 2nd at 10:30.

1    MR. MURRAY: Thank you, Your Honor.

2    MR. GRISWOLD: Yes, that would work for me as well,
3    Your Honor.

4    MR. TOOLE: Kevin Toole. It works here, too, Your
5    Honor. This is Kevin Toole.

6    THE COURT: All right, thank you. Mr. Murray, just to
7    finish a thought, I saw I saw on the news that the City Ballet
8    has canceled their upcoming season, and I thought of you and
9    your colleagues, and I hope that all is well in these
10    challenging times.

11    MR. MURRAY: I appreciate that very much, Your Honor.
12    Thank you for your thoughts on that. We are hopeful that some
13    sort of turn in things might bring our schedule back, but yes,
14    it is indefinitely off the calendar for now.

15    THE COURT: All right, February 2nd, 2/2/22 -- '21, my
16    goodness. Don't make it worse than it is at 10:30. Obviously,
17    I've had a long day. Thank you very much.

18    MR. TOOLE: Nobody wants to rush time past, but I think
19    maybe we all would actually want it to be 2022, because
20    hopefully it would be all over by then.

21    THE COURT: If you could blink and be done with 2020,
22    I think probably more than a few people would take that blink.

23    All right, thank you, all, and take care. I've heard
24    a new phrase, "Think positive; Test negative." Thank you so
25    much.

1    MR. MURRAY:  Thank you, Your Honor.

2    MR. TOOLE:  Thank you, Your Honor.

4              * * * * *

1                         * * * * *
2
3         I certify that the foregoing is a true and accurate
4    transcript from an electronic sound recording of the
5    proceedings in the above-entitled matter.
6
7
8    Lisa Previti:    *Lisa Priveti*
9
10                    Date:   December 7, 2020
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**< Dates >**
**December 3, 2020** 1:10
**December 7, 2020** 12:10
**February 2nd** 9:21, 9:24, 9:25
**February 2nd, 2/2/22** 10:15
**January 26th** 9:18
**November 19th.** 4:7
**'21** 10:15
-------------------------------**X** 1:3, 1:13

**< 1 >**
**1-18-01141-ess** 1:6
**10/20/20** 1:17, 1:20
**10:30.** 9:21, 9:25, 10:16
**11201** 1:11
**11590** 1:30
**11729** 1:43
**11747** 1:39
**12/2/19** 1:16, 1:19
**13** 9:19
**18-1141** 2:2

**< 2 >**
**2/11/19** 1:16
**2/24/20** 1:16, 1:19
**2020** 10:21
**2022** 10:19
**24** 1:42
**277-7900** 1:44
**2]** 1:15

**< 3 >**
**3/11/19** 1:16
**3N05** 1:38

**< 4 >**
**4/10/19** 1:16
**48** 2:1, 3:22, 4:6
**49** 2:1

**< 5 >**
**5/4/20** 1:17
**5/4/2020** 1:20

**< 6 >**
**6/2/20** 1:17, 1:20
**631** 1:44

**< 7 >**
**7** 9:19
**7/22/19** 1:16
**7/29/20** 1:17, 1:20

**< 8 >**
**8/12/20** 1:17, 1:20

**< 9 >**
**9/23/19** 1:16
**900** 1:29
**[1** 1:15
**[28]** 1:17
**[inaudible]** 4:2, 4:24, 5:15, 8:21

**< A >**
**above-entitled** 12:5
**accordingly** 4:14
**accurate** 12:3
**acknowledged** 7:6
**acknowledgment** 7:11
**actually** 4:5, 10:19
**add** 4:12, 8:18
**addition** 6:15
**ADJOURNED** 1:15, 1:17, 1:19
**ADL** 1:41
**administrative** 7:8
**adversary** 2:2, 2:20, 5:16, 9:1, 9:5
**affidavit** 3:22, 3:25
**affirmative** 6:18
**afternoon** 2:8, 2:11, 2:15
**Agents** 1:30
**ago** 4:7, 6:3
**agree** 6:22
**al** 1:12
**allegations** 8:5
**analysis** 6:22
**answers** 7:21
**anybody** 7:15

**APPEARANCES** 1:25, 2:6, 7:2
**appreciate** 10:11
**assertion** 6:18
**assist** 3:10
**attached** 6:7, 6:23
**authorities** 7:20
**avoid** 3:7
**aware** 7:13

**< B >**
**back** 10:13
**Ballet** 10:7
**Bankruptcy** 1:1, 1:21, 5:16, 9:1
**Barak** 1:35, 2:16
**based** 6:8, 7:8
**become** 5:3
**becomes** 9:3
**BEHALF** 1:18, 2:12, 2:16
**believe** 5:10, 6:12, 6:14
**big** 5:21
**blink** 10:21, 10:22
**boiler** 6:15
**boiler-plate** 8:10
**Boriskin** 1:28, 2:12
**briefed** 6:5
**bring** 7:17, 9:9, 10:13
**Brooklyn** 1:11
**bureau** 7:24

**< C >**
**c/o** 1:28
**calendar** 2:1, 2:19, 8:20, 10:14
**called** 7:9
**Calling** 2:1
**canceled** 10:8
**capacity** 4:3
**care** 10:23
**carry** 2:22
**carrying** 9:18
**Case** 2:2, 2:24, 3:18, 5:2, 9:3, 9:15, 9:16
**cases** 5:2
**certainly** 5:9, 5:11, 6:1
**certify** 12:3
**challenge** 5:12
**challenging** 10:10

**changes** 3:18
**Chapter** 9:18
**characterizations** 8:11
**characterize** 7:22, 8:8, 8:9
**City** 10:7
**clarify** 6:8
**clear** 9:2
**CLERK** 2:1
**client** 7:10
**close** 2:23, 5:8, 8:22
**colleagues** 10:9
**commenced** 7:7
**common** 8:6
**communication** 6:10, 7:4
**complaining** 7:20
**COMPLAINT** 1:15, 5:11, 7:25
**concerns** 8:5
**Concourse** 1:29
**CONFERENCE** 1:15, 2:20, 3:13, 8:20
**confirm** 5:4, 6:20
**confirmed** 3:4, 3:6
**consent** 3:1, 3:5, 4:19, 4:24, 5:4, 5:12, 5:15, 9:4, 9:10
**consents** 8:25
**considering** 6:19
**consumer** 7:24
**continue** 9:15
**continued** 2:21, 3:13, 9:14
**Cooper** 1:29, 3:24
**corners** 8:15
**Corp.** 1:31
**CORPORATIONS** 1:11
**correct** 4:20
**correspondence** 3:23, 3:25, 6:6, 6:23, 7:8
**correspondences** 8:12
**counsel** 6:19
**course** 5:20, 5:21
**COURT** 1:1, 1:41, 2:5, 2:10, 2:13, 2:18, 3:2, 3:9, 3:10, 3:17, 4:5, 4:13, 4:15, 4:19, 4:21, 4:23, 4:25, 5:1, 5:2, 5:10, 5:12, 5:14, 5:16, 5:18, 5:23, 6:5, 7:14, 7:21, 8:7, 8:19, 9:1, 9:4, 9:8, 9:10, 9:12, 9:23, 9:25, 10:6, 10:15, 10:21
**Crossway** 1:42
**current** 6:18

**< D >**
**d/b/a** 1:28
**Date** 9:14, 9:18, 12:10
**day** 9:7, 10:17
**Debtor** 2:6, 6:2, 6:7, 6:13, 7:6
**Debtor/plaintiff** 7:6
**decided** 5:4
**deciding** 5:13
**decision** 2:23, 2:25, 8:22, 9:10
**Deer** 1:43
**Defendant** 1:32, 1:37, 4:10
**Defendants** 2:12, 9:17
**detailed** 3:24
**developments** 3:17
**Dicaro** 1:35, 2:16
**dismissed** 9:15, 9:16
**disposition** 4:1, 4:13, 9:8
**District** 1:2, 5:1
**docket** 3:21, 3:22, 4:6, 5:14, 8:24, 9:13
**document** 6:25, 7:8, 8:16
**DOE** 1:10
**done** 10:21
**down** 9:3
**Drive** 1:42

**< E >**
**EASTERN** 1:2
**either** 5:7
**electronic** 1:47, 12:4
**ELIZABETH** 1:21
**end** 9:7
**enter** 9:10
**entering** 3:2, 9:5
**ENTITIES** 1:11
**entry** 3:21, 5:15, 8:25
**enumerable** 7:1
**ESQ** 1:27, 1:36
**essentially** 6:5, 7:4
**et** 1:12
**evaluate** 4:14
**everybody** 8:19
**explained** 5:1
**extent** 4:3, 9:3

**< F >**

**far** 4:24, 7:12
**February** 9:20
**Federal** 1:30
**felt** 3:25
**few** 10:22
**FILED** 1:18, 4:7
**filing** 6:2, 6:23
**final** 3:2, 4:19, 5:15, 8:25, 9:5, 9:10
**financial** 7:24
**finish** 10:7
**first** 4:18, 9:20
**foregoing** 12:3
**form** 6:14
**formal** 6:1
**forward** 3:11, 5:13, 9:2
**four** 8:15
**fully** 6:5

**< G >**
**gap** 3:7
**general** 4:21, 4:22
**generated** 7:3, 7:5
**goodness** 10:16
**GRISWOLD** 1:18, 1:36, 2:4, 2:15, 2:16, 4:15, 4:17, 5:9, 5:25, 6:22, 10:2
**guess** 4:9, 4:17

**< H >**
**hard** 5:18
**hear** 3:14
**heard** 10:23
**hearing** 2:21, 3:5, 3:13, 3:18, 4:6, 8:21, 9:14
**helpful** 3:9, 5:17, 5:23
**Home** 1:30
**Honor** 2:8, 2:11, 2:15, 3:15, 4:11, 5:9, 6:21, 7:2, 7:16, 9:6, 9:24, 10:1, 10:3, 10:5, 10:11, 11:1, 11:2
**HONORABLE** 1:20
**hope** 10:9
**hopeful** 10:12
**hopefully** 10:20
**Huntington** 1:37

**< I >**
**Inc.** 1:41
**included** 6:16
**inconsistencies** 8:9
**incorporate** 7:17
**indefinitely** 10:14
**inquiry** 6:11
**inside** 8:17
**intended** 7:25
**intent** 8:17
**interpret** 8:16
**interpretation** 8:13
**issue** 2:25, 4:2, 4:18, 5:25, 6:1, 9:3
**issues** 5:10, 7:21, 8:8
**issuing** 2:23, 5:12

**< J >**
**JANE** 1:10
**JOHN** 1:10
**JUDGE** 1:21
**judgement** 3:3
**JUDGMENT** 1:18, 2:21, 4:1, 4:19, 4:20, 5:15, 8:21, 8:23, 8:25, 9:5, 9:9, 9:11
**judicial** 7:7, 7:19, 8:2
**jurisdiction** 5:1, 5:10, 9:10

**< K >**
**Kevin** 1:27, 2:3, 2:11, 4:11, 6:21, 9:6, 10:4, 10:5
**kind** 6:15, 8:16

**< L >**
**language** 6:13, 6:15
**last** 3:18, 5:22
**legal** 6:16
**letter** 6:15
**lid** 5:8
**line** 2:2
**Lisa** 12:8
**LLC** 1:19, 1:28, 1:35, 1:36
**Loan** 1:19, 1:31, 1:35, 2:4, 2:13, 2:17, 3:2, 6:14, 6:19, 7:1
**long** 10:17
**look** 6:6, 8:16, 9:14, 9:20

**looked** 6:10, 6:11
**looking** 7:4, 9:18

**< M >**
**M.** 1:6
**mailing** 6:25
**Matter** 1:4, 3:11, 4:22, 4:25, 5:3, 5:13, 6:4, 9:9, 12:5
**Matters** 2:1, 2:19, 3:12, 5:19, 9:19
**meaning** 8:13, 8:17
**meant** 7:17, 8:5
**Melville** 1:39
**mentioned** 6:3
**Merchants** 1:29
**met** 7:23
**mind** 3:12
**mine** 5:3
**minute** 3:20
**Mortgage** 1:28, 1:31, 4:9
**MOTION** 1:17, 2:21, 4:1, 4:14, 4:20, 4:23, 8:21, 8:23, 9:8, 9:9, 9:15, 9:16
**movant** 4:9
**moving** 3:10
**MURRAY** 1:6, 2:2, 2:3, 2:7, 2:8, 2:9, 3:4, 3:13, 3:15, 3:20, 4:8, 5:6, 7:16, 9:22, 9:23, 9:24, 10:1, 10:6, 10:11, 11:1

**< N >**
**Nationstar** 1:27, 2:3, 2:10, 2:12, 3:24, 4:9, 6:6, 6:9, 6:11, 6:12, 6:18, 6:20, 7:11, 9:3, 9:4, 9:7, 9:16
**near** 4:22
**needed** 6:16
**negative.** 10:24
**New** 1:2, 1:43, 10:24
**news** 10:7
**no.** 4:4
**Nobody** 10:18
**non-administrative** 6:24
**non-judicial** 6:24
**non-responses** 7:22
**note** 6:7, 8:24
**noted** 5:7, 8:24, 9:12
**nothing** 4:12

**notice** 7:9
**Number** 3:22, 4:6
**NY** 1:11, 1:30, 1:39

**< O >**
**Obviously** 10:16
**Okay** 4:17, 5:14, 7:14
**One** 1:37, 2:12, 3:1, 7:24
**ongoing** 4:2
**opposition** 3:23, 7:18
**order** 3:3, 3:7
**outcome** 8:1
**outside** 8:15

**< P >**
**Park** 1:43
**parties** 3:10, 4:2, 7:1, 7:23, 8:12
**party** 4:3
**past** 10:18
**path** 9:2
**pending** 4:23, 8:1
**people** 10:22
**personally** 6:12
**phrase** 10:24
**picture** 5:21
**pieces** 5:21, 5:22
**plain** 8:13
**plainly** 8:11
**Plaintiff** 2:7, 3:14, 6:23, 6:25
**plate** 6:15
**pleadings** 6:7
**please** 2:6
**point.** 4:12
**points** 4:17
**positive** 10:24
**practice** 5:3
**PRE-TRIAL** 1:15, 2:20, 3:13, 8:20
**preparing** 2:25
**presented** 5:11
**Previti** 12:8
**prior** 3:5, 6:9, 7:2, 7:19
**Priveti** 12:8
**probably** 6:14, 10:22
**proceed** 4:14
**proceeding** 2:20, 5:16, 7:7, 9:1, 9:5

**Proceedings** 1:47, 7:19, 8:2, 12:5
**process** 7:20
**produced** 1:49
**prospect** 5:20
**protection** 7:24

**< Q >**
**Quadrangle** 1:37
**question** 3:1, 3:8, 4:8, 5:24

**< R >**
**R.** 1:27
**raise** 3:8, 8:9
**raised** 4:18
**Ras** 1:28, 2:12
**rather** 8:8
**RE** 1:4, 1:15
**really** 5:13
**reasons** 6:16
**received** 3:24, 6:12, 7:4
**recent** 3:21, 6:2
**record** 2:6, 3:4, 3:7, 5:5, 6:8, 8:8, 8:22, 8:25
**recorded** 1:47
**recording** 1:47, 12:4
**reference** 3:21, 7:25, 8:2, 8:6
**referred** 5:1, 8:10
**referring** 6:13
**regard** 3:23
**regardless** 9:8
**regulatory** 7:20, 7:23
**relates** 6:24
**relating** 7:1
**relevance** 3:25
**remains** 2:24, 7:12
**remind** 5:19
**repeatedly** 7:19
**represent** 6:9
**requests** 7:23
**required** 4:24
**reserve** 8:22
**resolution** 5:20
**respect** 4:18, 7:21, 9:17
**respond** 8:4
**response** 5:6, 5:7, 6:1, 6:11, 7:3, 7:5, 8:3, 8:6
**responses** 7:21, 7:23

**review** 6:10
**reviewed** 4:5, 6:2
**road** 9:4
**Robert** 1:18, 1:36, 2:3, 2:15
**role** 5:13
**rush** 10:18

**< S >**
**S.** 1:21
**saw** 10:7
**saying** 7:3, 8:1
**schedule** 10:13
**Sean** 1:6, 2:2, 2:3, 2:8, 3:15, 7:16, 9:22
**season** 10:8
**seems** 8:6
**sent** 6:25, 7:10
**separately** 3:4
**service** 1:49
**servicer** 6:10, 6:14, 6:19, 7:12
**Services** 1:41
**Servicing** 1:19, 1:29, 1:36, 2:4, 2:17, 3:2
**Serving** 2:14
**settlement** 5:21
**Shapiro** 1:35, 2:16
**shortly** 4:6
**similarly** 3:6, 9:4
**simply** 3:5
**SLS** 3:6, 4:13, 4:16, 5:7, 7:13, 8:25, 9:8, 9:15, 9:16
**sorry** 3:16
**sort** 8:13, 10:13
**sound** 1:47, 12:4
**Specialized** 1:19, 1:35, 2:4, 2:13, 2:16, 3:2
**statement** 7:11
**STATES** 1:1, 1:21
**STONG** 1:21
**studied** 5:5
**subject** 4:25
**Suite** 1:38
**SUMMARY** 1:18, 2:21, 4:1, 4:20, 8:21, 8:22, 9:9
**supplemental** 3:22, 7:18
**Supreme** 5:2

**< T >**

**technical** 3:7
**term** 4:22
**Test** 10:24
**themselves** 8:12
**thinking** 7:25
**thoughts** 10:12
**today** 2:19, 6:20, 8:20
**TOOLE** 1:27, 2:3, 2:10, 2:11, 4:9, 4:11, 6:21, 9:6, 10:4, 10:5, 10:18, 11:2
**touched** 7:2
**Transcriber** 1:41
**transcript** 1:49, 12:4
**Transcription** 1:41, 1:49
**trial** 9:9
**true** 12:3
**trying** 8:8
**turn** 10:13
**two** 2:19, 4:7, 4:17, 6:3
**type** 6:1, 6:17, 7:5
**typically** 7:5
**typos** 8:10

**< U >**
**understand** 6:24
**understanding** 6:4
**UNITED** 1:1, 1:21
**upcoming** 10:8

**< V >**
**v.** 1:8
**various** 7:20
**version** 2:22

**< W >**
**W.** 1:18, 1:36
**waiting** 4:13, 8:7
**wanted** 3:7, 5:7
**wants** 10:18
**week** 9:20
**weeks** 4:7, 6:3
**Wellness** 5:2
**Westbury** 1:30
**whatever** 7:9
**whether** 3:6, 4:21, 9:7
**will** 8:24, 9:12, 9:15
**withhold** 8:3

**within** 4:25
**words** 8:17
**work** 9:17, 9:21, 9:23, 10:2
**working** 5:18
**works** 10:4
**worse** 10:16
**written** 8:14


**< Y >**
**York** 1:2, 1:43