UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

SEAN M. MURRAY,                                      CHAPTER 7

                                                     CASE NO. 17-44157

                    DEBTOR.

SEAN M. MURRAY,
                              *Plaintiff,*

                    -against-                         ADV. PRO. CASE NO. 18-01141

                                                     JUDGE: Hon. Elizabeth S. Stong
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES, SPECIALIZED LOAN
SERVICING, LLC AND NATIONSTAR
MORTGAGE LLC D/B/A MR COOPER, AS
SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE CORPORATION,

                              *Defendants.*


## REPLY OF FAY SERVICING, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR APPEAL

Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay"), successor servicer to Specialized Loan Servicing, LLC ("SLS", Fay and SLS collectively referred to as "Defendant"), by and through its attorneys, LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, as and for its Limited Objection to Plaintiff's Motion for Leave to Amend or Appeal from Order Granting Defendant Specialized Loan Servicing, LLC's Motion for Summary Judgment at Dkt. 50 & 51, dated December 29, 2020 (the "Motion for Leave"), respectfully states:

1.      The Debtor filed the Complaint on December 21, 2018 (the "Complaint") commencing an adversary proceeding against SLS and Nationstar (the Adversary Proceeding").

2.      Defendant filed an answer January 22, 2019.

3.      On November 11, 2019, Defendant filed a Motion for Summary Judgment (the "MSJ"), initially returnable December 2, 2019.

4.      At the hearing on the MSJ which took place on February 24, 2020, the Court set a briefing schedule for the MSJ, providing the Debtor was to file opposition by April 3, 2020, and SLS was permitted to file a reply by April 24, 2020.

5.      Counsel to Defendant consented to a two week extension of the Debtor's opposition to April 17, 2020.  The Debtor's Opposition was emailed to below signed counsel on April 17, 2020, and was filed on April 23, 2020.

6.      Defendant replied to the Debtor's Opposition on April 28, 2020 (the "Reply" or "SLS' Reply"), in which SLS pointed out that the Debtor improperly raised new issues in opposition to summary judgment, namely allegations of violations of RegX, procedural defects in the commencement of the foreclosure action and allegations of predatory lending and that the Debtor's Opposition alleges there are factual issues without actually stating what they are.

7.      A hearing was held on the MSJ on June 2, 2020.  At that time, the Court permitted the Debtor the opportunity to file a supplemental opposition to the MSJ by June 30, 2020.

8.      On July 1, 2020, the Debtor filed the Supplemental Opposition, in which the Debtor contested each and every fact in SLS' list of uncontested facts, and rehashed

previously briefed issues, asserting that SLS's loan is not perfected and raising issues surrounding alleged stay violations, without substantively discussing the issues.  .

9.      On July 21, 2020, Defendant filed a response to the Supplemental Opposition.

10.     Hearings on the MSJ were held on July 29, 2020, October 20, 2020 and December 3, 2020.

11.     On December 15, 2020, the Court entered the Memorandum Decision granting the MSJ (the "Summary Judgment Order").

12.     On December 29, 2020, the Debtor filed the instant Motion for Leave to Amend and a notice of appeal of the Summary Judgment Order.

13.     The Motion for Leave requests alternative relief, as follows:

    a.   The Motion for Leave acknowledges that the Summary Judgment Order may not be a final order, and so the Debtor's Appeal requires approval of the Bankruptcy Court to proceed.

    b.   The Motion for Leave seeks permission of the Court to amend the Complaint post-judgment.

14.     On February 9, 2021, a hearing was held on the Motion for Leave, and the Court set a briefing schedule, and the instant Opposition is being filed in conformity with that schedule.

15.     As stated below, Fay does not contest the Debtor's request for leave to appeal the Summary Judgment Order, but vehemently opposes the request for leave to amend the complaint with respect to the Defendant on a post-judgment basis.

**DISCUSSION**

*The Request for Leave to Appeal*

16.     As a general matter, a party is permitted to appeal "final" judgments, orders, but for "interlocutory orders and decrees," leave of the court must be obtained prior to proceeding with the appeal.  28 U.S.C. § 158(a)(1).

17.     A "final order" is an order that "conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order." *Shimer v. Fugazy (In re Fugazy Exp., Inc.)*, 982 F.2d 769, 775 (2d Cir. 1992).

18.     An order granting complete summary judgment with respect to all claims is considered a Final Order.  *See In re Chateaugay Corp.,* 922 F.2d 86, 90 (2d Cir.1990).

19.     However, if an order disposing of an adversary proceeding against some, but not all, of the defendants, would not be a final order.  See *Kushner v. Winterthur Swiss Ins. Co.,* 620 F.2d 404, 408 (3d Cir.1980)

20.     In the instant case, the Summary Judgment Order certainly and unambiguously resolves the entire Complaint with respect to the Defendant.

21.     However, Nationstar, the co-defendant on the Complaint was not a party to the MSJ, and has not moved for summary judgment in the Adversary Proceeding.

22.     Therefore, the Summary Judgment Order is arguably not a final order as Nationstar will remain as a defendant in the action, and even though the adversary proceeding with respect to SLS has been concluded, the case will continue.

23.     The Defendant does not oppose the Debtor's request for leave to appeal.

24.     This Adversary Proceeding was commenced in December 2018, and has now been pending for nearly two and a half years.

25.     Considering that Nationstar has not yet moved for summary judgment or proceeded to a trial, it may be a significant additional period until the Adversary Proceeding is finally decided.

26.     Additionally, the issues likely to be raised in the Adversary Proceeding are likely to be different than the issues that would be raised in an appeal of the Summary Judgment Order.

27.     The Summary Judgment Order concerns the perfection of the Loan, the Debtor's attempted use of the trustee's strong arm powers to avoid the Lien and the alleged stay violations.

28.     As Nationstar is no longer the servicer of the loan, their defense of the Complaint will primarily concern their actions as servicer, and would concern allegations of stay violations.

29.     Nationstar has not taken a position with respect to the elements of the Complaint surrounding the enforceability or perfection of the Loan as they are no longer the servicer.

30.     Even the alleged stay violations are notably different between the two defendants.  SLS had already settled the alleged stay violations well prior to the commencement of the Adversary Proceeding.  Whereas most of the substance of the Adversary Proceeding for Defendant has centered around the Settlement, Nationstar would need to discuss the merits of the allegations.

31.     For these reasons, even if the court concludes that the Summary Judgment Order is interlocutory, it seems to make sense for the Court to grant the Debtor leave to appeal.

*The Request to Amend the Complaint*

32.    The second request made by the Debtor was for leave to amend the Complaint with respect to Defendant.

33.    Defendant vigorously opposes this request.

34.    Prior to entry of a judgment, the Rules give the Debtor 21 days to amend their Complaint "as of right," and then the Complaint can be amended thereafter upon request, barring a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963).

35.    In the instant case, Defendant would contend that "undue delay", "bad faith" and "dilatory motive" are all clearly present.  Even had the Summary Judgment Order not been granted, the Defendant would oppose the Debtor's request to amend the Complaint.

36.    This adversary proceeding has been pending for now going on two and a half years, and the Complaint itself incorporates by reference several prior allegations made by the Debtor in the underlying bankruptcy case.

37.    The Debtor does not assert what changes would be sought, nor why those allegations were not part of the initial Complaint, nor why leave to amend was not sought at any time during the pendency of the MSJ.

38.    Defendant also notes that the Plaintiff has insisted on litigating the stay violation allegations against the Defendant despite having settled the matter with

Defendant prior to filing the Complaint, and despite having the settlement agreement repeatedly presented, still seems to believe he has a cause of action against Defendant on the stay violation issues.  Defendant asserts that this is a clear indication that the Plaintiff is not acting in good faith.

39.     Further, since the Summary Judgment Order has been granted, the Debtor is not permitted to request an amendment to the Complaint unless there is also cause to vacate the Summary Judgment Order.

40.     In *Ruotolo*, the Second Circuit found that a party seeking to amend their complaint post-judgment must first establish cause to have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).  *See Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir 2008);  *Mitsubishi Aircraft Int'l v. Brady,* 780 F.2d 1199, 1203 (5th Cir.1986) ("by the time the motion to amend was filed, there was no longer existent a claim to be amended, since summary judgment was already granted").

41.     "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244–45 (2d Cir.1991) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489, at 694 (1990)).

42.     Here, Defendant has proceeded through the entire adversary proceeding, including the preparation of an answer, discovery, the preparation and filing of the MSJ, several rounds of briefing, and several hearings at which the Court took argument from both sides on the issues surrounding the Complaint.

43.     Now that Defendant has been successful in obtaining the Summary Judgment Order, the Debtor seeks leave to amend the complaint and reset the entire pleading, seemingly not for any specific reason other than that he is dissatisfied that he has lost.

44.     It is worth noting that nothing in the Debtor's Motion for Leave indicates what the substance of the proposed revisions are, nor why they would not have been included in prior pleadings over the first two and a half years of the Adversary Proceeding.

SPACE LEFT INTENTIONALLY BLANK

45.     Defendant asserts that to allow the Debtor to amend the Complaint post-judgment would fly directly in the face of relevant Second Circuit caselaw, and would frustrate the principles of judicial economy and would fly in favor of the judicial philosophy of the finality of judgments.

**WHEREFORE**, Defendant respectfully requests that the Court deny Plaintiff's request for leave to amend the Complaint.

Dated: March 2, 2021
       Merrick, New York                Respectfully submitted,

                                  /s/ Robert W. Griswold
                                  Robert W. Griswold
                                  Bankruptcy Attorney
                                  LOGS Legal Group LLP f/k/a Shapiro,
                                  DiCaro & Barak, LLC
                                  Attorneys for Fay Servicing, LLC as servicer
                                  for US Bank Trust National Association, Not
                                  In Its Individual Capacity But Solely As
                                  Owner Trustee For VRMTG Asset Trust
                                  175 Mile Crossing Boulevard
                                  Rochester, New York 14624
                                  Telephone: (585) 247-9000
                                  Fax: (585) 247-7380

**The LOGS Legal Group, LLP f/k/a Shapiro, DiCaro &
Barak, LLC**
Attorneys for Fay Servicing, LLC as servicer for US Bank
Trust National Association, Not In Its Individual Capacity
But Solely As Owner Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, NY 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

|  |  |
|---|---|
| SEAN M. MURRAY, | CHAPTER 7 |
|  | CASE NO. 17-44157 |
| DEBTOR. |  |

|  |  |
|---|---|
| SEAN M. MURRAY, | |
| *Plaintiff,* | |
| -against- | ADV. PRO. CASE NO. 18-01141 |
|  | JUDGE: Hon. Elizabeth S. Stong |
| JOHN AND JANE DOE CORPORATIONS AND ENTITIES, SPECIALIZED LOAN SERVICING, LLC AND NATIONSTAR MORTGAGE LLC D/B/A MR COOPER, AS SERVICING AGENTS FOR FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| *Defendants.* | |

## AFFIRMATION OF SERVICE BY MAIL

I, Michael J. Chatwin, say, I am not a party to this action; I am over 18 years of

age, I reside in Rochester, New York.

On March 2, 2021 I served the within Reply of Fay Servicing, LLC in Response to Plaintiff's Motion for Leave to Amend or Appeal upon:

TO:    Debtor Appearing Pro Se
Sean M. Murray
P.O. Box 1110
Attn: 2544
Albany, NY 12201-1110

Cleo F. Sharaf
Ras Boriskin
900 Merchants Concourse
Westbury, NY 11590

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official

depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: March 2, 2021

/s/ Michael J. Chatwin
Michael J. Chatwin
Bankruptcy Attorney
LOGS Legal Group LLP f/k/a
Shapiro, DiCaro & Barak, LLC
Attorneys for Fay Servicing, LLC as
servicer for US Bank Trust National
Association, Not In Its Individual
Capacity But Solely As Owner
Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380