UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————x
In re:

SEAN M. MURRAY                                    Case No. 17-44157

                                                                                                        Chapter: 7

                                Debtor Pro Se
————————————————————x

SEAN M. MURRAY

                                         Plaintiff              Adv. Pro. No. 18-01141

                                -against-

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES
                                       Defendants
————————————————————x

**PLAINTIFFS' REPLY TO NATIONSTAR MORTGAGE LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAL OR AMENDED COMPLAINT (Dkt 75) AND REPLY OF FAY SERVICING, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR APPEAL (Dkt 74)**

**I. INTRODUCTION AND SUMMARY**

1. Defendants Nationstar Mortgage LLC, d/b/a Mr. Cooper ("NSM") and the party responding on behalf of Specialized Loan Servicing, LLC ("SLS") identified as Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay"), successor servicer to Specialized Loan Servicing, LLC ("SLS", Fay and SLS collectively referred to as "Defendant"), by and through its attorneys, LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, oppose Plaintiff's

Motion For Leave To Amend Or Appeal From Order Granting Defendant Specialized Loan Servicing, LLC'S Motion For Summary Judgement At DKTs 50 & 51 (dkt 53).

2. Plaintiff's motion should be granted, first because Plaintiff will be significantly prejudiced if the motion is denied because Attorney Griswold's conflict of interest in representing two parties with differing or potentially adverse interests will result in increased costs and expanded litigation, will make separate confidential settlement with the parties impossible, is a violation of Rule 1.7 of the New York Rules of Professional Conduct and grounds for his removal or disqualification from the proceedings.

3. Second, Plaintiff will be prejudiced because of the fact that unilateral substitution of Fay for SLS, without complying with Federal Rules of Bankruptcy Rule 7025, which provisions application of Federal Rules of Civil Procedure regarding Rule 25(c) motion for substitution, will result in releasing SLS from personal liability for allegations not covered under the scope of Plaintiff's settlement agreement with Gross Polowy LLC and SLS. Claims subject to appeal as not liberally construed with respect to Plaintiff's pro se status, that were contemplated by the Plaintiff in the original adversary complaint under prayers for both declarative and incorporated relief regarding identity theft and fraud with respect to the subject change of address in lieu of response to the New York State Attorney General's Office of Consumer Fraud, the Loan Officer license applied for in the Arkansas Securities Department with the fraudulent address and Plaintiff's name and social security number, and the use of the fraudulent address in disputed IRS reporting involving Plaintiff's social security number.

4. Third, Plaintiff will be prejudiced by being forced to assume the inconvenience and expense

of parallel proceedings in state and federal court involving common questions of law and fact. Plaintiff claims Defendants personally and jointly caused Plaintiff's damages. Considerations of cost, judicial efficiency, and possible inconsistent results militate in favor of not requiring Plaintiff to prosecute two separate claims in two separate forums when both claims arise from the same set of facts.

5. Fourth, Plaintiff will be prejudiced by the risk of inconsistent verdicts as Defendants claim conflicting roles and capacities in an effort to evade liability. In a series of separate trials, each defendant can defend itself by blaming the absent party. In other words, Fay may assert that the servicing and full payoff was mishandled by SLS and NSM, and SLS may claim that NSM did not inform them of the payoff. Put another way, failure to amend the complaint could "permit each defendant in separate trials to defend itself by putting a proverbial 'empty chair' on trial, thus posing a significant risk of inconsistent verdicts that would all go against plaintiff." Lyons, 2004 U.S. Dist. LEXIS 20255 *17, n. 3; see also In re Prempro Prods. Liab. Litig., 2007 U.S. Dist. LEXIS 20214 (E.D. Ark. 2007) ("These Defendants probably should not be separated because, when the time for apportioning fault comes, the drug manufacturers and the physicians may well blame each other."); B.D. v. DeBuono, 193 F.R.D. 117, 126 (S.D.N.Y. 2000); Kirk v. Metro. Transp. Auth., 2001 U.S. Dist. LEXIS 85 (S.D.N.Y. Jan. 3, 2001) (courts generally abstain from severing claims where separate trials risk inconsistent jury verdicts).

6. Fifth, Defendants will not be prejudiced by granting the motion for leave to amend. Taking the REPLY OF FAY SERVICING, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR APPEAL as opposition from SLS, paragraph 35: *"In the instant case, Defendant would contend that "undue delay", "bad faith" and "dilatory motive" are all clearly*

*present. Even had the Summary Judgment Order not been granted, the Defendant would oppose the Debtor's request to amend the Complaint."* Defendants make no effort or showing to support their contentions regarding undue delay or prejudice, bad faith, dilatory motive or prior opportunity to amend. Here Defendants and their Attorneys have: settled violations of the Loss Mitigation rules, stay violations and other allegations; violated dual-tracking prohibitions; defamed the character of the Plaintiff and Debtor Pro Se; violated Code of Conduct in court imposed conferencing verbal attacks; refused to address unresponsiveness to New York State Department of Financial Services and Attorney General Consumer Fraud complaints regarding identity theft, fraud and abusive tax shelter trusts; provided clearly conflicting and contradictory statements and duplicative documentation; refused to follow basic service of process on Plaintiff's legal address of record; all while hiding behind "typos" more numerous than the mortgage servicers and attorneys that have mysteriously or otherwise dropped out of the proceedings.

7. Sixth, all parties agree that the Defendants received a full payoff prior to commencement of the underlying Bankruptcy Proceeding, with only the date of receipt of tender and legal implications unresolved. This claim is subject to the District Court's grant of appeal from the Order and Decision at Dockets 50 & 51.

8. Seventh, Fay Servicing LLC's standing is not of record with respect to Judge Stong's February 9, 2021 Order that Opposition to the motion for leave to amend be filed by 3/2/2021 by SLS and NSM specifically.

9. Eighth, Plaintiff seeks leave to amend to assert claims arising out of the same conduct and

occurrences set out in the original adversary complaint seeking declaratory judgement, to articulate fraud and add parties participating in the actual theft of Plaintiff's identity. These issues were characterized in Judge Stong's Order and Decision at docket 53 as "New Assertions" that were only raised in opposition to SLS's Motion for Summary Judgement, despite Plaintiff's position said same claims are incorporated by reference in consolidated motions from the underlying bankruptcy proceeding into the original adversary complaint. This was made clear in paragraph 23 of Plaintiff's motion at docket 53.

10. Plaintiff seeks to demonstrate unresponsiveness on the part of the Defendants to New York State Attorney General's Office of Consumer Fraud and New York State Department of Financial Services complaints regarding the identity theft and full payoff, contributing to Plaintiff's claims that the Defendants breached the underlying mortgage contract in failing and refusing to respond as statutorily required to NOE, RFI and QWR's, improperly handling accounting and full payoff, violating the implied duty of good faith and fair dealing, failing and refusing to send a proper breach (default) letter; slandering Plaintiff's title to the subject chattel property, failing and refusing to provide 90-day notice required by RPAPL § 1304 or comply with all applicable law as a condition precedent to attempting wrongful non-judicial dual-tracking foreclosures.

## II. ARGUMENT & AUTHORITIES

11. Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

12. The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." Brown v. Kelly, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), aff'd in part, vacated in part on other grounds, 609 F.3d 467 (2d Cir. 2010).

13. In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); see alsoBlock v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

14. Because Defendants' pleadings make no showing of prejudice or bad faith and it will promote the interests of justice given the lack of undue prejudice to the current defendants of adding new parties and related allegations, allowing amendment of the complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

**CONCLUSION**

15. For purposes of a motion to amend, the foregoing readily shows that amending the complaint would not be obviously futile. The Court must accept plaintiff's well-pleaded factual allegations as true, and the allegations of the complaint are plausible on their face. Id. at 541-542. Rule 15(a)(2) provides that "a court should freely give leave [to amend a complaint] when justice so requires."

16. Because justice requires that leave be granted, Plaintiff asks the Court to grant the present motion for leave to amend the complaint at docket 53, strike the Reply of Fay absent a showing of standing to intervene and remove counsel for SLS and FAY for conflict of interest and litigating in bad faith.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Tuesday, March 30, 2021

By: *SEAN M. MURRAY*
SEAN M. MURRAY
P.O. BOX 1110
ALBANY, NEW YORK
12201-1110 U.S.A.
seanmurray@prodigy.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

SEAN M. MURRAY                                    Case No. 17-44157

                                                  Chapter: 7

                Debtor Pro Se

-----------------------------------------------------------x

SEAN M. MURRAY

                Plaintiff            Adv. Pro. No. 18-01141

       -against-

SPECIALIZED LOAN SERVICING, LLC
NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,
as SERVICING AGENTS FOR FEDERAL
HOME LOAN MORTGAGE
CORPORATION,
JOHN AND JANE DOE CORPORATIONS
AND ENTITIES

                Defendants

-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on Tuesday, March 30, 2021, a copy of PLAINTIFFS' REPLY TO NATIONSTAR MORTGAGE LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAL OR AMENDED COMPLAINT (Dkt 75) AND REPLY OF FAY SERVICING, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR APPEAL (Dkt 74) was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon:

| | |
|---|---|
| Kevin R. Toole, Esq. | Robert W. Griswold, Esq. |
| ROBERTSON, ANSCHUTZ & SCHNEID, P.L. | Shapiro, DiCaro & Barak, LLC |
| Attorneys for Nationstar Mortgage LLC | Attorneys for Specialized Loan Servicing |
| 900 Merchants Concourse | One Huntington Quadrangle, Suite 3N05 |
| Westbury, NY 11590 | Melville, NY 11747 |
| csharaf@rasboriskin.com | rgriswold@logs.com |
| | |
| Richard J. McCord, Chapter 7 Trustee | Dated: Tuesday, March 30, 2021 |
| Certilman Balin Adler & Hyman | By: *SEAN M. MURRAY* |
| 90 Merrick Avenue | SEAN M. MURRAY |
| East Meadow, NY 11554 | P.O. BOX 1110 |
| | ALBANY, NEW YORK 12201-1110 |