

**LOGS Legal Group LLP**
Attorneys at Law

175 Mile Crossing Boulevard
Rochester, New York 14624
Tel: (585) 247-9000 • Fax: (585) 247-7380

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Regional Managing Partner**
John A. DiCaro (licensed in NY)

**Managing Partner**
Shari S. Barak (licensed in NY)

April 2, 2021

Chambers Hon. Elizabeth S. Stong
United States Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, NY 11201

RE:  Sean M. Murray v. Specialized Loan Servicing, LLC
     Murray v. John and Jane Doe Corporations and Entities et al
     AP Case Number:  18-01141-ess
     Bankruptcy Case Number:  17-11457-ess
     SD&B File Number:  18-069932
     Appeal Civil Docket 21-mc-00178-LDH

Dear Judge Stong;

This firm represents Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay"), successor servicer to Specialized Loan Servicing, LLC ("SLS") in the underlying bankruptcy and adversary proceeding. Fay is a secured creditor of Sean M. Murray (the "Appellant" or "Debtor") with respect to the real property known as 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372 (the "Property").

This letter is primarily to update the Court of the status of the Debtor's appeal. As the Court knows, the Debtor filed the Motion for Leave on January 14, 2021 (the "Motion for Leave"), seeking permission to appeal the Judgment Order, or permission to amend the Complaint post-judgment. On January 29, 2021, this Court entered a scheduling order concerning briefing of the Debtor's Motion for Leave. On March 2, 2021, Fay filed opposition to the Motion for Leave, primarily on the issue of the Debtor's request to amend the complaint post-judgment (the "Opposition"). On March 30, 2021, the Debtor filed a reply (the "Reply") to the Opposition and to the response filed by Nationstar.

The Debtor's Motion for Leave was also docketed in the Debtor's appeal (21-mc-00178-LDH) on January 14, 2021. On March 2, 2021, the District Court entered a text order concerning the Debtor's Motion for Leave, finding that it was not an interlocutory order and setting a briefing schedule. Below signed counsel filed a letter seeking explanation on March 8, 2021 seeking clarification of the District Court's March 2, 2021 Order. On March 16, 2021, the District court revised the March 2, 2021 order, vacating the finding that the order was not interlocutory, and provided for an opportunity for Appellee to respond, which it did on March 22, 2021. On March

26, 2021, the District Court entered a text order granting the Debtor's request for leave to appeal, and setting the deadline for the Debtor's appellate brief at April 15, 2021.

The order of the District Court granting the Debtor's request for leave to appeal likely renders significant portions of the Motion for Leave moot. As mentioned above, the Debtor filed the Reply on March 30, 2021. The Debtor's Reply seems to counter-intuitively argue *against* the Debtor's motion for leave to appeal. The Reply asserts that prosecuting the Appeal while continuing the instant Adversary Proceeding would strain the Debtor's resources and would allow each side to litigate against the "absent party." This argument overlooks the fact that Fay, as successor to SLS, is not "absent" from the instant adversary proceeding, but rather has already prevailed on the merits. The Debtor's assertion that Nationstar would be able to point the finger at SLS makes little sense where SLS has already won its motion for summary judgment on all counts. Similarly, the Summary Judgment Order entered in the instant Adversary Proceeding was in no way premised on blaming Nationstar, and there is unlikely to be any issue raised in the Appeal that would in any way concern Nationstar's conduct.

The Debtor also makes accusations of professional misconduct against below signed counsel resulting from the service release of the Loan from SLS to Fay, a service release which happened subsequent to the entry of the Summary Judgment Order. Even had the service release taken place while the Adversary Proceeding remained active with respect to SLS, it would not be improper, nor a breach of the NY Rules of Professional conduct for counsel to represent the subsequent servicer of the Loan.

In light of the March 26, 2021 order of the District Court and recent developments in the adversary proceeding, below signed counsel believed it was appropriate and necessary to advise the Court of the holding of the District Court.

Very truly yours,

/s/ Robert W. Griswold
Robert W. Griswold

Enclosures